IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENESH, INC, ) <br> ) <br> Defendant. ) | **Demand for Jury Trial** <br><br> Case No. |

# COMPLAINT

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and to provide appropriate relief to Charging Party L.Z., a minor female, Charging Party Tauna Frederick, and a class of aggrieved female employees who were adversely affected by such practices. As alleged in greater particularity below, Defendant Genesh, Inc., subjected L.Z., Frederick, and a class of female employees to harassment because of their sex, female. Genesh also retaliated against L.Z. for engaging in protected activity and constructively discharged her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42, U.S.C. § 1981a.

1

3.     Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the District of Kansas.

## PARTIES

4.     Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.     Defendant Genesh Inc. ("Genesh" or "Defendant") is a Kansas corporation doing business in the State of Kansas and has continuously had at least 15 employees.

6.     At all relevant times, Genesh has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, three charges of discrimination (Charge Nos. 28D-2022-00047; 563-2023-03562; 563-2024-00534) were timely filed with the Commission alleging violations of Title VII by Defendant.

8.     The Commission sent Defendant timely notice of the aforementioned charges.

9.     On August 16, 2024, the Commission issued to Defendant three Letters of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with it in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide the Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On September 4, 2024, the Commission issued to Defendant three Notices of Conciliation Failure.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Genesh owns and operates over fifty Burger King fast-food restaurant franchises in Kansas and Missouri, including locations in and around Lawrence, Kansas, and in and around Wichita, Kansas (including Derby).

15. Since at least December 2020 and continuing to the present, Defendant Genesh has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). Such unlawful employment practices include subjecting L.Z., Frederick, and a class of female employees, including minors, who worked at Genesh's locations in and around Lawrence, Kansas, and in and around Wichita, Kansas (including Derby), to sexual harassment.

    a. Male employees, including supervisory employees, made unwanted sexual comments and sent unwanted sexual texts to female employees. Examples include:

        i. Commenting about female employees' physical appearance and bodies, including comments about their breasts and

       buttocks, with comments like "you can bend that my way", "watch where you put that thing", and referring to a minor employee's "tight young ass";

  ii. Suggesting in a sexual way that female employees go with male employees to restaurant areas without security cameras;

  iii. Complaining when female employees did not participate in or resisted sexual banter or avoided physical contact;

  iv. A tall male saying to a short female "you know what you're the perfect size for?" while putting his hands on her head, suggesting she was the "perfect" height to perform oral sex on him;

  v. Making sexual jokes and comments, including comments about penises and erectile dysfunction;

  vi. Telling a female employee that the male employee was in an "open relationship" with his wife, suggesting the female employee should have sex with him;

  vii. Telling a female employee she was "hot as fuck";

  viii. Texting a meme concerning oral sex and saying "wouldn't complain seeing more of that [oral sex]";

  ix. Texting "wanna fuck[?]";

  x. Texting a female employee that the male employee was "enjoying himself" while thinking of her, and saying "was gonna send my cock but didn't";

      xi. Telling a female employee that the male employee was using her pictures to masturbate;

      xii. Telling a female employee that the male employee "wanted to fuck" her;

      xiii. Telling a female employee that the male employee was "stalking" her Facebook for her pictures;

      xiv. Telling a female employee she could only have time off from work if she kissed her male supervisor; and

      xv. Requesting intimate contact, including hugs, kisses, and sex.

b. Male employees, including supervisory employees, engaged in unwanted physical contact with female employees. Examples include touching and slapping buttocks, touching backs and shoulders in an intimate and unnecessary manner, kissing, and sexual intercourse.

c. Multiple employees, including but not limited to female harassment victims, reported unwanted sexual comments and physical contact to supervisors and managers, including but not limited to General Manager Sarah McClannahan, Multi-Unit Manager Amber Berend, and Multi-Unit Manager Michelle Stover, but the conduct continued.

d. McClannahan, Berend, and Stover knew that female employees were subjected to unwanted sexual conduct, but they failed to stop it.

e. Genesh executives knew or should have known that female employees were subjected to unwanted sexual conduct but failed to stop it.

16. From in or about November 2022 to in or about March 2023, Defendant Genesh engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. 2000e-3(a). Such unlawful employment practices include retaliating against L.Z. for engaging in protected activity.

    a. L.Z. engaged in protected activity in opposing sex discrimination. She reported to Berend and law enforcement that Stephen Wampler, a shift manager, subjected her to unwanted sexual conduct.

    b. Defendant Genesh subjected L.Z. to an adverse employment action because of her protected activity. In or about November 2022, Berend refused to schedule L.Z. to work at either of two restaurant locations because Wampler and his family members were working at those locations. Genesh continued to employ Wampler, and Berend continued to schedule Wampler to work at L.Z.'s work location, even after Wampler was subject to a protective order prohibiting him from having contact with L.Z. Berend kept L.Z. off the work schedule from in or about November 2022 until in or about March 2023, effectively causing her constructive discharge.

17. The effect of the practices complained of in paragraphs 15-16 above has been to deprive L.Z., Frederick, and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, and, for L.Z., because of her protected activity.

18. The unlawful employment practices complained of in paragraphs 15-16 above were and are intentional.

19.     The unlawful employment practices complained of in paragraphs 15-16 above were and are done with malice or with reckless indifference to the federally protected rights of L.Z., Frederick, and a class of female employees.

20.     As a direct and proximate result of the unlawful employment practices complained of in paragraphs 15-16 above, L.Z., Frederick, and a class of female employees have suffered actual pecuniary and non-pecuniary damage, including but not limited to emotional pain, suffering, embarrassment, inconvenience, and, for L.Z., lost earnings and benefits.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Genesh, its employees, agents, officers, successors, assigns, and all persons in active concert or participation with them, from discriminating against female employee and employees who engage in protected activity;

B.     Order Genesh to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful practices;

C.     Order Genesh to make whole L.Z., Frederick, and a class of female employees by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 15-16 above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial;

D.     Order Genesh to pay L.Z., Frederick, and a class of female employees punitive damages for its malicious and reckless conduct as described in paragraphs 15-16 above, in amounts to be determined at trial;

E.     Order Genesh to make L.Z. whole by providing appropriate backpay with prejudgment interest and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

F.     Grant such other and further relief as this Court deems necessary and proper in the public interest; and

G.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

## PLACE OF TRIAL

The Commission designates Kansas City, Kansas as the place of trial.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney, Mo. #46520
Equal Employment Opportunity Commission
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
andrea.baran@eeoc.gov
Phone: (314) 406-2810

9

<u>*s/Megan Lowe Stiles*</u>
JOSHUA M. PIERSON
Supervisory Trial Attorney, Kan. #29095
MEGAN LOWE STILES
Trial Attorney, D. Kan. #78642
Equal Employment Opportunity
Commission
Kansas City Area Office
400 State Ave., Suite 905
Kansas City, KS 66101
joshua.pierson@eeoc.gov
megan.lowe.stiles@eeoc.gov
Phone: (913) 340-8828 (office)
Fax: (913) 551-6957

ATTORNEYS FOR THE EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
