## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et al.,

      Plaintiffs,

      v.

GENESH, INC.,

      Defendant.

Case No. 24-2445-DDC-ADM

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on the joint motion of plaintiff EEOC and intervenor-plaintiff LZ (together, "plaintiffs") to allow LZ to continue in this case under a pseudonym. (ECF 178.) When the case was filed, and when the sexual harassment alleged herein occurred, LZ was a minor and identified only by her initials in accordance with Federal Rule of Civil Procedure 5.2(a)(3). Recently, LZ turned eighteen, thereby becoming an adult under the law. Plaintiffs request that she nonetheless be permitted to continue in the case anonymously, a request which defendant Genesh, Inc. ("Genesh) opposes. Because the court finds that exceptional circumstances warrant allowing LZ to proceed anonymously, the court grants the motion.

According to LZ's complaint, LZ began to work at one of Genesh's Burger King restaurants during the summer of 2022. (ECF 17.) LZ was 15 years old at the time. Shortly after she began, her supervisor began sexually abusing and grooming her for sex. Between May and October 2022, the supervisor "molested, sexually battered, sexually assaulted, and statutorily raped Plaintiff L.Z. multiple times." (*Id.* at 5.) LZ seeks damages incurred as a result of this conduct, alleging that she continues "to suffer great pain of mind and body, shock, emotional distress,

1

physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (*Id.* at 13.)

As a general rule, plaintiffs proceeding in federal court are required to do so under their "real names." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023). The Tenth Circuit has recognized, however, that in "exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," allowing party anonymity may be appropriate. *Id.* (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). When a party's privacy interest outweighs the public's interest in open court proceedings, the court has discretion to grant leave to proceed under a pseudonym. *Id.*

Plaintiffs assert that this is an exceptional case in which LZ's need for continued anonymity outweighs the public's interest in knowing her identity. The court agrees. Without minimizing the importance of maintaining open court proceedings, the court determines the specific and unique facts of this case warrant permitting LZ to continue in this action under her initials.

First, this case involves matters of a highly personal and sensitive nature: the repeated sexual abuse of a minor. "Judges in this district have consistently found allegations of sexual assault and harassment of minors to be of a nature justifying protecting the identity of the minor." *Doe B.A. v. USD 102,* No. 18-2476-CM, 2019 WL 201741, at *2 (D. Kan. Jan. 15, 2019) (citing cases). *See also Doe v. USD 259, Wichita Sch. Dist.*, No. 22-1279-TC-ADM, 2023 WL 2043155, at *3 (D. Kan. Feb. 16, 2023) ("Judges in this district have consistently found allegations of sexual assault and sexual harassment of minors to be of such a nature that they justify protecting the minor's identity."); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) ("Courts grant heightened protection to child victims and

have concluded that complaints involving minors are matters of a highly sensitive and personal nature."); *Kiera v. Noltensmeyer*, No. 23-cv-01085, Text Order at ECF 5 (D. Kan. June 5, 2023) (granting leave to adult plaintiffs to proceed under pseudonym where each alleged she was the victim of sexual abuse when a child). Significantly, this remains true "even after the minor becomes an adult as the case is pending." *A.M. v. City of Gardner, Kan.*, No. 19-2425-DDC-JPO, Order at ECF 27 (D. Kan. Dec. 5, 2019) (permitting plaintiff to proceed by her initials after turning 18 in case alleging sexual abuse); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (noting that "[t]he fact that [plaintiff] was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis," and permitting plaintiff to continue to proceed anonymously after reaching the age of majority).

Second, there is a danger that LZ will suffer emotional harm—the injury for which she seeks redress in this lawsuit—if her identity is known. LZ's complaint alleges that she continues to suffer emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life. If her identity as an alleged sexual-abuse victim is disclosed, "there is some risk that the injury litigated against would be incurred or exacerbated." *J.B. v. Liberal Sch. Dist.*, No. 06-2359-JWL, 2006 U.S. Dist. Lexis 67622, at *5 (D. Kan. Sept. 20, 2006) (citation modified). *See also USD 259, Wichita Sch. Dist.*, 2023 WL 2043155, at *3 ("Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure." (quoting *M. T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 806210, at *3 (D. Kan. Feb. 9, 2018)).

Third, there is no identified public interest in knowing LZ's identity, other than the generalized interest in open court proceedings.  In this situation, the public's generalized interest is outweighed by LZ's interest in the privacy of a highly personalized matter, where she could be further victimized or humiliated if she is required to disclose her identity.  *See J.B. v. Liberal Sch. Dist.*, 2006 U.S. Dist. Lexis 67622, at *4 (finding plaintiff's interests outweigh general public interests); *M. T. v. Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3 ("[T]the Court does not find the public interest unduly affected by the anonymity of the parties to this suit.").

Finally, where, as here, the defendant knows the plaintiff's identity, courts in this district have found that the defendant "would not be prejudiced by [the plaintiff] continuing to proceed under her pseudonym." *USD No. 237 Smith Ctr. Sch. Dist.,* 2017 WL 3839416, at *11.  Genesh asserts that *if* the case goes to trial, it will be prejudiced by LZ's use of a pseudonym because such use will signal to the jury that LS "is entitled to special treatment or consideration, which may unjustly bolster her credibility or amplify perceived harm."  (ECF 200, at 10.)  In support, Genesh cites out-of-circuit caselaw in which adult plaintiffs have brought allegations of sexual abuse directly against their alleged abuser (not his employer, like here).  *See Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014) (holding 27-year-old victim of sexual assault would be allowed to proceed anonymously in suit against alleged attacker, but only through pretrial proceedings); *Doe v. Gooding*, No. 20-CV-06569, 2023 WL 3775292, at *1 (S.D.N.Y. June 2, 2023) (holding adult plaintiff who alleged sexual assault by public figure, while being allowed to proceed anonymously pre-trial, must proceed by her name during trial).  Although the court finds these cases distinguishable from this case—both on the facts and on the applicable law—the court will not prohibit Genesh from asking the court to revisit this issue in a pre-trial motion, should the case

progress as far as trial.  In the meantime, the court finds no prejudice will befall Genesh by LZ proceeding anonymously pre-trial.

Plaintiffs have demonstrated that this is an exceptional case in which LZ's need for anonymity outweighs the public interest in having access to her identity. The sexual assault and harassment of a minor involves matters of a highly sensitive and personal nature.  The alleged facts of the case demonstrate risks of future psychological harm and repetition of the injury against which plaintiffs are litigating.  Accordingly, the court allows LZ to proceed in this case anonymously using her initials.

**IT IS THEREFORE ORDERED** that the joint motion of plaintiff EEOC and intervenor-plaintiff LZ to allow LZ to continue in this case under a pseudonym (ECF 178) is granted.

Dated July 7, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge