IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENESH, INC., <br><br> Defendant. | Case No. 24-2445-DDC-ADM |

## MEMORANDUM AND ORDER

On September 30, 2024, the Equal Employment Opportunity Commission ("EEOC") brought this public-enforcement action against Genesh, Inc. ("Genesh"), the owner and operator of more than 50 Burger King restaurant franchises. (ECF 1.) The EEOC alleges Genesh violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by, among other things, subjecting a class of female employees to sexual harassment. The matter is before the court on a Motion to Intervene filed by Karla Lassen, who alleges she was sexually harassed while working for Genesh. (ECF 198.) For the reasons explained further below, the court grants the motion.

Federal Rule of Civil Procedure 24 governs motions to intervene. Subsection (a) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Thus, the court is *required* to permit intervention if two elements are met: (1) the motion is timely; and (2) a federal statute confers an unconditional right to intervene. *See E.E.O.C. v. Albertson's LLC,* 579 F. Supp. 2d 1342, 1346–47 (D. Colo. 2008); *E.E.O.C. v. GMRI, Inc.,* 221 F.R.D. 562, 563 (D. Kan. 2004).

1

Genesh does not dispute that Title VII provides Lassen an unconditional right to intervene in the action. Section 706(f)(1) provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] Commissioner." 42 U.S.C. § 2000e–5(f)(1). The EEOC's complaint seeks relief for a class of female employees sexually harassed at Genesh's Burger King restaurants in and around Lawrence and Wichita, Kansas, since December 2020. (ECF 1, at 3.) Lassen worked at a Genesh-owned Burger King in Wichita from February to September, 2024, where she alleges she was sexually harassed by her supervisor. (ECF 198-1, at 3-5.) The EEOC disclosed Lassen as a class member in its supplemental Fed. R. Civ. P. 26 disclosures served on April 11, 2025. (*See* ECF 95.) Lassen is an aggrieved person under Title VII, with a right to intervene.

Despite this, Genesh argues the court should deny Lassen's intervention request on timeliness grounds. The court evaluates timeliness "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Kane Cty. v. United States*, 928 F.3d 877, 89091 (10th Cir. 2019). "Prejudice" in this context means prejudice caused by the would-be intervenor's delay, not the practical prejudice that inevitably comes from litigating with an additional party. *See id.* "Timeliness is a matter within the sound discretion of the district court." *E.E.O.C. v. Albertson's LLC,* 247 F.R.D. 638, 645 (D. Colo. 2007).

The court finds that Lassen's motion to intervene is timely. "While admittedly, there was [almost] a nine-month delay between the filing of the lawsuit and the present Motion, the general length of time is not the prevailing concern." *E.E.O.C. v. JBS USA, LLC*, No. 10-CV-02103-PAB-KLM, 2011 WL 2693489, at *2 (D. Colo. July 12, 2011); *see also Utah Ass'n of Ctys. v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001) (noting "absolute measure of time between filing of the

complaint and the motion to intervene is one of least important circumstances"). Rather, "courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Utah Ass'n of Ctys. v. Clinton,* 255 F.3d at 1250 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Genesh seems to oversell the prejudice it would suffer by Lassen's intervention. The court gives little weight to Genesh's generalized arguments that intervention would "impose substantial burdens on Genesh." (ECF 212, at 4.) Genesh has been on notice since the case was filed that the EEOC was bringing it on behalf of a class of female employees who worked at Wichita and Lawrence Burger King restaurants during a period that encompasses Lassen's term of employment. Moreover, the EEOC specifically identified Lassen as an aggrieved person in the class more than three months ago, and Genesh could have pursued discovery about Lassen's allegations at that time. Nonetheless, the court understands Genesh's concern that propounding written discovery on Lassen and coordinating the depositions of her recently disclosed mental-health providers would be challenging under the current case schedule. The court will ameliorate this potential prejudice to Genesh by extending scheduling-order deadlines, as discussed below. Genesh suggests that Lassen would not be prejudiced if her motion is denied because she could bring her claims in a separate lawsuit. But pursuing that route would be inefficient and cause both the parties and the court to expend unnecessary additional resources. The current case is still in the discovery stage, and Lassen's claims can be easily incorporated. Given all the circumstances, the court finds Lassen's motion timely. *See E.E.O.C. v. Century I, L.C.,* 142 F.R.D. 494, 495 (D. Kan. 1992) ("Because this case is still in the pretrial stage, the court concludes that Mr. Woods' motion to intervene was timely.").

Because Lassen timely exercised her Title VII right to intervene, the court grants her motion to intervene. Lassen is directed to file her intervenor complaint within **two business days**.

### Adjustments to the Scheduling Order

At the July 10, 2025 discovery conference, the court noted that was willing to entertain adjustments to the case schedule to account for the time it will take a special master (whom the court intends to appoint under separate order) to facilitate Genesh's follow-up ESI production. (ECF 223.) Lassen's intervention presents an additional reason to amend the schedule, so as to ensure all parties have adequate time to complete relevant and proportional discovery. Therefore, the court vacates the deadlines and settings remaining in the scheduling order. (ECF 31, 139.) By **August 4, 2025,** the parties must jointly submit proposed amended deadlines by email to the undersigned judge's chambers. The court then will issue a Second Amended Scheduling Order.

**IT IS THEREFORE ORDERED** that Lassen's Motion to Intervene (ECF 198) is granted. Lassen must file her intervenor complaint (ECF 198-1) as a separate docket entry in this case within **two business days** from the date of this order.

**IT IS FURTHER ORDERED** that the remaining case-management deadlines and settings are vacated. By **August 4, 2025,** the parties must jointly submit proposed amended scheduling-order deadlines.

Dated July 17, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
