## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.                                                              Case No. 24-2445-DDC-ADM

GENESH, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on intervenor-plaintiff LZ's motion to de-designate documents as confidential. (ECF 238.) By way of the motion, LZ asserts that defendant Genesh, Inc. ("Genesh") has over-designated produced documents as "confidential" under the protective order (ECF 47). LZ challenges three categories of documents that Genesh designated as confidential: (1) invoices of Genesh's private investigator, (2) the investigator's reports, and (3) various documents that Genesh designated as confidential upon re-production after an initial claw back. For the reasons explained further below, the motion is granted in part and denied in part.

LZ asserts that the documents do not meet the protective order's criteria for designating a document as "confidential," but LZ relies largely on authorities that discuss the very high standards for sealing documents from public view. Those standards do not apply to the instant dispute, which involves the propriety of the confidentiality designations under the terms of the protective order. Nonetheless, the burden to prove the appropriateness of the designation rests with Genesh as the designating party. *See Ad Astra Recovery Servs., Inc. v. Heath,* No. 18-1145-JWB-ADM, 2020 WL 5057482, at *9 (D. Kan. Sept. 2, 2020) ("When a party files a motion challenging a

1

confidentiality designation, the designating party still has the burden to prove the necessity of the designation.").

"The starting point for interpretation of a protective order lies in its plain language." *S.E.C. v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1262, 1271 (10th Cir. 2010) (citing *City of Hartford v. Chase*, 942 F.2d 130, 134–35 (2d Cir. 1991)). The court has broad discretion to interpret and apply its protective orders. *Id.* As relevant here, the protective order provides as follows:

> the parties will limit their designation of 'Confidential Information'
> to the following categories of information or documents:
> . . . .
> e. Research, technical, commercial, or financial information
> that the party has maintained as confidential;
> f. Medical information concerning any individual; . . .
> h. Personally identifiable information ["PII"], specifically,
> social security numbers, addresses, dates of birth, and names of any
> minor persons; . . . and
> j. Personnel files.

(ECF 47 ¶ 2.) It further provides that a party may designate certain documents as "Highly Confidential," including 3(d)(i) "Current or future business strategies and other strategic planning information" and 3(d)(vii) "Negotiation strategies." (*Id.* ¶ 3.) When a party designates a document as confidential or highly confidential, another party may challenge that designation by following the procedures set forth in Paragraph 9 of the protective order. Specifically, the party must first confer in good faith to resolve the objection and, failing that, participate in a pre-motion discovery conference with the court. The challenging party may then "file a motion that identifies the challenged material and sets forth in detail the basis for the challenge." (*Id.* ¶ 9.) Thereafter, the designating party bears the burden of proving the necessity of the confidentiality designation in its response to the motion. (*Id.*)

As mentioned above, LZ's motion challenges three categories of documents that Genesh designated as confidential. The court will address each category in turn.

<u>Investigator Invoices</u>

Genesh hired an independent private investigation company, Axis Point, to investigate claims of sexual harassment at its restaurants. During discovery, Genesh produced three documents related to Axis Point's invoices reflecting this work and designated those documents confidential. LZ challenges those confidential designations, asserting that the documents do not fall under the protective order categories of PII or personnel files. Genesh responds that the documents mainly fall under the protective order category of "financial information that the party has maintained as confidential" (*see* ECF 47 ¶ 2(e)) and also identify individuals involved in internal investigations. Genesh has not demonstrated that the documents contain the type of sensitive financial information that the protective order found good cause to protect. Notably, Genesh has not explained how public exposure of the invoices or investigator's contract "could undermine competitive strategies, harm business relationships, and affect financial standing." (*Id.* at 2.) Thus, the court orders Genesh to re-produce the documents without the confidentiality designation, with the following caveat to protect minor's names: any document that does not contain a minor's name must be re-produced without any confidentiality designation; if a document includes a minor's name, Genesh may maintain the confidentiality designation over the document pursuant to the PII provision of the protective order (Paragraph 2(h)), but in any such instance, Genesh is ordered to also produce a non-confidential version of the docket with the PII redacted.[1]

---

[1] Genesh has not provided the court with sufficient information to determine the extent to which minors' names are mentioned in these documents.

<u>Investigator Reports</u>

Genesh also produced Axis Point's investigative reports and marked them confidential. The reports contain employee complaints, witness statements, interview notes, and "records of counseling."  LZ argues that, while a confidential designation could be appropriate as to some of the documents, the protective order does not include "investigation documents" as a category subject to protection.  (ECF 238, at 5.)  Genesh responds that the documents fall under the protected categories of PII or personnel files and sometimes involve minor employees.  The court agrees with LZ that the documents in the Axis Point investigation files, while clearly containing sensitive information about alleged sexual harassment at Genesh's stores, generally do not fall under a category of protected information identified in Paragraph 2 or 3 of the protective order.  It is true that the documents contain information about Genesh personnel, but the protective order does not cover all personnel information.  By its plain terms, it covers "personnel files."  (ECF 47 ¶¶ 1(1), 2(j).)  Genesh is ordered to de-designate documents in the reports that are not covered by a protective-order category.  The court anticipates this will be most of the documents, other than counseling records that also are included in personnel files (as protected by Paragraph 2(j)) and documents containing PII with the names of minors (as protected by Paragraph 2(h)).  With these exceptions, the court grants LZ's motion as to this category of documents and orders Genesh to re-produce the documents without the confidentiality designation—again, with the following caveat to protect minor's names: any document that does not contain a minor's name must be re-produced without any confidentiality designation; if a document includes a minor's name, Genesh may maintain the confidentiality designation over the document pursuant to the PII provision of the protective order  (Paragraph 2(h)), but in any such instance, Genesh is ordered to also produce a non-confidential version of the docket with the PII redacted.

Documents Re-Produced after Claw Back

The third "category" of documents LZ challenges are not defined by their subject matter, but rather by the fact that Genesh initially produced them without a designation, clawed them back for examination, then re-produced them with a confidentiality designation.  LZ states that "[t]hey are a variety of documents, and none meet any of the criteria as required by the Protective Order." (ECF 238, at 4.)  To the extent LZ complains of the process by which the documents came to be designated confidential, the court considers it much ado about nothing.  Genesh followed the procedure in the protective order for claiming confidentiality after an "inadvertent failure to designate."  (*See* ECF 47 ¶ 5.)

As to the substance of the documents themselves, the court's review indicates that LZ is partially correct.  Her motion is therefore granted in part and denied in part, as follows.  The court finds the following documents do <u>not</u> fall under any category of protected information identified in Paragraphs 2 or 3 of the protective order: 02445_047296 to -297, 02445_047298 to -361, 02445_047361 to -407, 02445_047442 to -466, 02445_047487 to -523, and 02445_047547 to -550.  Genesh must re-produce these documents without a confidentiality designation, except that if a document in this batch was also included in an employee's personnel file,[2] Genesh may maintain the confidentiality designation.  On the other hand, the following documents do fall under

---

[2] For example, it is possible that background-check reports run on individual employees could fall into this category.

a protected category, so Genesh may maintain the confidentiality designation and need not re-produce them:  02445_047408 to -441, 02445_047467 to -471,[3] and 02445_047525 to -546.[4]

  Lastly, LZ's reply states that she raised the above "three categories of documents for the Court's review as examples" and asks the court to order Genesh to review *all* of its confidential "designations and provide its basis under the PO for the designations."  (ECF 259, at 2-3.)  The court declines to take such an approach because doing so would be inconsistent with the procedure set forth in the protective order (at Paragraph 9) for challenging confidential designations.

  **IT IS THEREFORE ORDERED** that LZ's motion to de-designate documents as confidential (ECF 238) is granted in part and denied in part, as set forth above.  To the extent the court has ordered Genesh to re-produce documents without a confidentiality designation, Genesh must do so by **October 3, 2025**.

  Dated September 24, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[3] Documents 02445_047472 to -486 were not submitted to the court.  To the extent they are healthcare records as Genesh's response states, Genesh may maintain the confidentiality designation.

[4] LZ's motion also mentioned documents 02445_047557 to -560, but Genesh states that it did not re-produce these documents after claw back because it has asserted attorney-client privilege and work-product protection over them.  Thus, these documents do not pertain to the current motion to de-designate.