UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENESH, INC., <br><br> Defendant. | Case No. 24-2445-DDC-ADM |

**MEMORANDUM AND ORDER**

This matter comes before the court on intervenor-plaintiff LZ's Motion for Leave to Amend Complaint. (ECF 327.) By way of the motion, LZ seeks to file an amended complaint that drops her state-law claims asserted against defendant Genesh, Inc. ("Genesh"). For the reasons discussed below, the motion is granted.

**I.   BACKGROUND**

On September 30, 2024, the EEOC filed this action against Genesh, the owner and operator of more than 50 Burger King restaurant franchises, alleging Genesh violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by, among other things, subjecting LZ (who was a minor at the time) and a class of female employees to sexual harassment. (ECF 1.) On November 11, 2024, LZ filed a complaint in intervention that asserted a number of claims, including three Title VII claims (Counts I-III) and Kansas claims of negligent hiring, training, supervision, and retention (Count IV); premises liability (Count V); assault (Count VI); battery (Count VII); negligent infliction of emotional distress (Count VIII); intentional infliction of emotional distress (Count IX); false imprisonment (Count X); and retaliatory discharge (Count

XI). (ECF 17.) Two other former employees also intervened, asserting Title VII claims (but not state tort claims). (ECF 11, 231.)

As the record reflects, discovery in this action has been prolonged by multiple factors. First, the parties ran into a dispute over Genesh's technical ESI searches, which they were unable to work out. The court appointed a special master, who is still working with the parties to resolve multiple ESI discovery issues. (ECF 229, 249, 271 272, 312, 314, 321, 330.) A number of depositions are on hold pending the exchange of documents potentially responsive to ESI searches. The case also was stayed for a time during the U.S. Government shutdown. (ECF 315, 321.) Additionally, an unusually high number of discovery disputes between the parties—leading to seven substantive discovery motions thus far—have delayed the case proceedings. (ECF 131, 136, 145, 238 279, 316, 345.) And the court has set a deadline January 6, 2026, for the parties to file a status report suggesting new case-management deadlines. (ECF 330.)

On September 30, Genesh filed a motion for leave to amend its answer to LZ's complaint, seeking to add a comparative-fault affirmative defense to LZ's Kansas claims. (ECF 310.) On November 26, LZ filed the present motion for leave to amend her complaint to drop those Kansas claims, Counts IV-XI. (ECF 327.) Genesh opposes the motion.

## II.   ANALYSIS

The scheduling order set a deadline of February 14, 2025, for any motion to amend the complaint or to add parties. (ECF 31.) Where the scheduling-order deadline has expired, a party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P. 15(a).[1]

---

[1] Because LZ does not seek to dismiss all of her claims asserted against Genesh, Rule 15 (governing amendment), rather than FED. R. CIV. P. 41 (governing dismissal), applies. *Gobbo Farms & Orchards v. Poole Chem. Co.,* 81 F.3d 122, 123 (10th Cir. 1996); *Ashford v. Neb.*

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

### A. There is Good Cause to Amend the Scheduling Order Under Rule 16(b)(4)

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE - CIVIL § 16.14[1][b] (3d ed. 2019)). Courts usually find good cause "when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* The "good cause requirement may be satisfied [when a party] learns new information through discovery." *Gorsuch*, 771 F.3d at 1240.

The court finds good cause to amend the scheduling order to allow LZ to trim down her claims, given circumstances that have changed after the original deadline set for amendment of pleadings. First, when the scheduling order was entered, LZ was a minor and her mother was making case decisions on her behalf. LZ has since reached the age of majority and now makes decisions in this case on her own behalf; she wishes to pursue fewer claims than those originally brought by her mother. Second, and more significantly, Genesh seeks leave via a pending motion

---

*Furniture Mart, Inc.*, No. 17-cv-02097-DDC, 2017 WL 1332706, at *2 (D. Kan. April 11, 2017) ("After *Gobbo Farms*, as one would expect, our court consistently has noted that Rule 41 does not apply to dismissals of fewer than all claims." (citing cases)); *Royal Pacific Ltd. v. Faith Electric Manufacture Co.*, 322 F. Supp. 3d 1178, (D.N.M. 2018) ("Here, Faith Electric agrees to the dismissal of only two of its five claims. Hence, Rule 41(a) does not apply."); *Carskadon v. Diva Int'l, Inc.*, No. 12-CV-01886-RM-KMT, 2013 WL 1876784, at *2 (D. Colo. May 3, 2013) ("[A] plaintiff who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15.").

to assert an affirmative defense to LZ's Kansas claims. (ECF 310.) Specifically, Genesh seeks to add a comparative-fault defense alleging that others, including LZ's parents, are at fault for LZ's alleged injuries. (ECF 310-2, at 12.) By LZ abandoning her Kansas claims via an amended complaint, Genesh's motion becomes moot and comparative-fault does not enter this case. LZ has satisfactorily demonstrated good cause to amend the scheduling-order deadline.

### B.     Amendment is Allowed under Rule 15(a)(2)

The court next considers whether to grant leave to amend under FED. R. CIV. P. 15(a). Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (holding that in the absence of such a showing, amendment should be allowed).

Genesh urges the court to deny LZ's request to amend her complaint, arguing it will be prejudiced if LZ is permitted to drop her state-law claims.[2] Genesh's prejudice argument is premised on LZ re-filing her Kansas claims in state court. In that situation, Genesh asserts that it would be forced to expend additional resources and bear the "redundancy of restarting the process" of defending against those claims. (ECF 343, at 5-6.) Genesh also argues that LZ is legally

---

[2] Genesh also asserts in the Conclusion section of its brief that LZ's request to drop claims is "untimely" and "futile," but Genesh does not explain these conclusory statements. (ECF 343, at 11.) The court therefore accords them no weight.

prohibited from splitting her claims between federal and state court. These arguments are premature. Unless and until LZ files a state action, these potential harms do not arise. And should LZ file a state action, that court—not this court—will make the determination as to whether it constitutes impermissible claims splitting. The court will not, as Genesh requests, place conditions on amendment "to mitigate against" a hypothetical risk of duplicative litigation. (*Id.* at 12.) *See Ashford v. Neb. Furniture Mart, Inc.*, No. 17-cv- 2097-DDC, 2017 WL 1332706, * (D. Kan. April 11, 2017) (declining to condition amendment on claims being dismissed with prejudice because "to address that concern now as something of an anticipated hypothetical would engage the court improperly in the forbidden business of giving advisory opinions") (citing *Norvell v. Sangre de Criso Dev. Co., Inc.,* 519 F.2d 370, 375 (10th Cir. 1975)); *Royal Pacific Ltd. v. Faith Electric Manufacture Co., Ltd.,* 322 F. Supp. 3d 1178, (D.N.M. 2018) (declining to deem claims abandoned by amended complaint as dismissed "with prejudice" and stating that it would consider the viability of such claims only should the plaintiff seek to reassert them in the future).

Dropping LZ's Kansas claims will streamline this case, particularly given that no other plaintiff has asserted state-law claims. Thus, the court views amendment favorably. Given "the absence of any apparent or declared reason" to disregard Rule 15(a)'s mandate "that leave to amend 'shall be freely given,'" the court grants LZ's request to file an amended complaint. *Foman*, 371 U.S. at 182.[3]

---

[3] To be clear, the court is permitting LZ to drop her state-law claims via an amended complaint. The court is not "dismissing" the claims—or deciding whether any such dismissal would be with or without prejudice—because dismissal is governed by Rule 41 and only applies to dismissal of an "action." The court takes no position on the arguments presented in the parties' briefs about whether the amendment results in LZ's Kansas claims being dismissed with or without prejudice.

6

**IT IS THEREFORE ORDERED** that LZs motion for leave to file an amended complaint (ECF 327) is granted.  LZ is directed to file her amended complaint as a separate docket entry by **January 6, 2026**.

Dated December 30, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
