IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

       Plaintiffs,

v.

GENESH, INC.,

       Defendant.

Case No. 24-2445-DDC-ADM

## MEMORANDUM AND ORDER

May a plaintiff proceed under a pseudonym in the litigation she joined as a minor—even after reaching the age of majority? That's the question United States Magistrate Judge Angel D. Mitchell answered in her recent Memorandum and Order (Doc. 213). Judge Mitchell's Order granted plaintiffs' Joint Motion to Continue Under Pseudonym (Doc. 178). She reasoned that this case implicates "matters of a highly sensitive and personal nature" because it involves the "sexual assault and harassment of a minor"—L.Z. Doc. 213 at 5. So, she concluded, "L.Z.'s need for anonymity outweighs the public interest in having access to her identity." *Id.* Defendant Genesh, Inc. objected to the pseudonym Order and filed a Motion for Review (Doc. 232)—now before the court. The court overrules Genesh's objection and affirms Magistrate Judge Mitchell's Order, for reasons explained below. But first, the court provides a brief overview of the relevant background.

## I.      Background

The Equal Employment Opportunity Commission (EEOC) brought this case against employer Genesh.  Doc. 1 (Compl.)  It alleges that Genesh engaged in unlawful employment practices, including subjecting a class of female employees to sexual harassment.  *Id.* at 3–4 (Compl. ¶ 15).  Three women allegedly affected by those employment practices moved to intervene in the case.  Doc. 9; Doc. 13; Doc. 198.  One of those women was Amy Creason—as next friend for intervenor-plaintiff L.Z, a minor.  Doc. 13 at 1.

According to L.Z.'s Intervenor Complaint (Doc. 17), Genesh owns and operates over 50 Burger King fast-food franchises in Kansas and Missouri.  Doc. 17 at 3 (Int. Compl. ¶ 16).  In May 2022, L.Z. began working at one of Genesh's Burger King restaurants in Lawrence, Kansas.  *Id.* (Int. Compl. ¶ 17).  L.Z. was 15 years old at the time.  Doc. 213 at 1 (Memorandum and Order); Doc. 17 at 4, 11 (Int. Compl. ¶¶ 20, 61) (L.Z. was a minor during her employment with Genesh from May 2022 to October 2022); Doc. 178 at 2 ("[O]n April 14, 2025, L.Z. reached the age of majority in the state of Kansas").  L.Z. alleges that her supervisor began sexually abusing her and grooming her for sex shortly after she started work.  Doc. 17 at 5 (Int. Compl. ¶ 24).  Between May and October 2022, the Intervenor-Complaint alleges, L.Z.'s supervisor "sexually molested, sexually battered, sexually assaulted, and statutorily raped . . . L.Z. multiple times."  *Id.* (Int. Compl. ¶ 25).  L.Z. alleges that she "continues to suffer anxiety, fright, nervousness, indignity, depression, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life[.]"  *Id.* at 10 (Int. Compl. ¶ 53).

At the time of the alleged harassment—and when intervening in this case—L.Z. was a minor.  Doc. 178 at 1.  Recently, L.Z. turned eighteen years old, thereby reaching the age of majority under Kansas law.  *Id.* at 2.  Plaintiffs requested that the court nonetheless permit her to

continue in the case anonymously, a request which Genesh opposed. *Id.*; Doc. 200 at 1. Because the court found that exceptional circumstances warrant allowing L.Z. to proceed anonymously, Magistrate Judge Mitchell granted plaintiffs' motion—at least for pretrial matters. Doc. 213 at 1, 4. She also suggested that Genesh may ask the court to revisit the pseudonym issue if the case progresses to trial. *Id.* at 4.

Genesh filed an Objection and Motion for Review of the Magistrate Judge's Order (Doc. 232). Genesh argues that Judge Mitchell made errors of law and thus abused her discretion in granting the pseudonym motion. Doc. 232 at 4.

## II.        Legal Standard

The district court applies different legal standards to evaluate magistrate judge rulings on dispositive versus non-dispositive matters. *See* Fed. R. Civ. P. 72. "A matter is dispositive if the ruling effectively removes a defense or claim from the case." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-CV-02549, 2019 WL 7168657, at *2 (D. Colo. Dec. 23, 2019) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 261 F.R.D. 577, 579 (D. Kan. 2009)). Allowing a plaintiff to proceed in pretrial matters under a pseudonym doesn't remove a defense or claim from the case. So, it's non-dispositive.

When reviewing a magistrate judge's order deciding non-dispositive, pretrial matters, the district court applies a "'clearly erroneous or contrary to law'" standard of review. *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under the clearly erroneous prong of this standard, a district judge does not review factual findings de novo; instead, it must affirm a magistrate judge's findings unless a review of the entire evidence leaves the district judge "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (quotation cleaned up). The

clearly erroneous standard is "significantly deferential." *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir. 2002) (quotation cleaned up). The contrary to law aspect of this standard of review permits a district judge to conduct an independent review of purely legal determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011).

The court employs the "clearly erroneous or contrary to law" standard here to address Genesh's objections to Magistrate Judge Mitchell's Order.

## III.        Relevant Law

"'Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure.'" *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (quotation cleaned up) (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). But when a party's privacy interest outweighs the public's interest in open court proceedings, the court has discretion to grant leave to proceed under a pseudonym. *Id.* (citing *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)). "Such a decision must be based upon informed discretion, after taking all relevant factors into consideration." *Id.* at 1296–97 (quotation cleaned up). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* at 1296 (quotation cleaned up). "And the need for party anonymity must outweigh the presumption of openness." *Id.* (quotation cleaned up).

## IV.      Analysis

Genesh objects to the pseudonym Order, arguing that Judge Mitchell made errors of law and thereby abused her discretion in granting the motion. Doc. 232 at 4. Genesh advances three arguments in support. *First*, Genesh contends that the Order errs by not recognizing that plaintiffs had the burden to establish L.Z.'s right to proceed anonymously. Doc. 232 at 5. *Second*, Genesh argues that the Order errs by relying on plaintiffs' unsworn and unverified assertions of L.Z.'s potential harm, instead of "particularized evidence." *Id*. at 6–8. *Third*, Genesh asserts that the Order errs by failing to recognize that L.Z.'s identity is both part of the public record and well known in her community. *Id*. at 8.

None of these arguments persuade the court. And even if these arguments were persuasive—again, they're not—the court still would affirm Judge Mitchell's Order. That's so because Genesh never addresses the Order's leading reasoning: that the use of a pseudonym is warranted here because alleged sexual conduct perpetrated against a minor is of a highly sensitive and personal nature. Doc. 213 at 5; *see generally* Doc. 232 (using the phrases "highly sensitive" and "personal nature" only once, when quoting the standard from *Luo*, but never engaging with this portion of the standard or Judge Mitchell's reasoning based on it). That leading reasoning relied on a significant body of case law, reaching similar results in similar circumstances. So, without addressing that primary rationale—or the myriad of cases supporting it—Genesh fails to demonstrate that Judge Mitchell's Order was clearly erroneous or contrary to law.

The court concludes that Judge Mitchell was well within her discretion to decide that the extraordinary nature of this case outweighs the presumption of openness. The court doesn't harbor a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (quotation cleaned up). Quite the opposite—the court's confident that Judge

5

Mitchell got it right.  Frankly, the right answer here is so apparent that any other conclusion would prove concerning.  Indeed, the court views Genesh's insistence on the use of L.Z.'s name as an unfortunate and misguided litigation strategy.  Just because the law permits one to vie for a position doesn't mean that one should.

The court explains its reasoning, *first*, by addressing each of Genesh's three arguments. *Then*, it revisits the standard of review.  The court begins with Genesh's first argument:  the Order neglected to recognize that plaintiffs had the burden to establish L.Z.'s right to proceed anonymously.

### A.    Genesh's Three Arguments

Genesh claims, *first*, that Judge Mitchell "erred by not recognizing that [p]laintiffs had the burden to establish L.Z.'s right to proceed anonymously."  Doc. 232 at 5.  She did not.  Judge Mitchell correctly recited the rule governing anonymity in court proceedings:

> As a general rule, plaintiffs proceeding in federal court are required to do so under their "real names."  *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023).  The Tenth Circuit has recognized, however, that in "exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," allowing party anonymity may be appropriate.  *Id*. (quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)).  When a party's privacy interest outweighs the public's interest in open court proceedings, the court has discretion to grant leave to proceed under a pseudonym.  *Id*.

Doc. 213 at 2.  Not only is this a proper statement of the governing law, it also recognizes an implicit burden on the moving party.  Genesh's next argument—about particularized evidence— is equally unpersuasive.

*Second*, Genesh argues that Judge Mitchell erred by accepting unsworn and unverified assertions of potential harm when a plaintiff wishing to proceed anonymously must present "particularized evidence" to support such a request.  Doc. 232 at 6–7.  But "particularized evidence" is not a blanket requirement for allowing a party to proceed under a pseudonym.

Instead, "'[s]uch a decision must be based upon 'informed discretion, after taking all relevant factors into consideration.'" *Luo*, 71 F.4th at 1296–97 (quoting *Zavaras*, 139 F.3d at 803).

Arguing for a "particularized evidence" requirement, Genesh cites various cases where the court denied anonymity because the moving party presented insufficient evidence to establish a risk of harm. Doc. 232 at 6–8. But these cases are factually distinct from the current case. The majority of cases cited don't involve the sexual abuse of a child.[1] Indeed, only two do. And those two are meaningfully different from this case. Specifically, the plaintiffs in both of those cases filed their complaints *after* they had reached the age of majority. *See C.S. v. EmberHope, Inc.*, No. 19-2612-KHV, 2019 WL 6727102, at *2 (D. Kan. Dec. 11, 2019) (alleging as "adult plaintiff" who "is close to fifty years old" "that as a result of defendants' negligence she was sexually assaulted and raped from 1979–1983, when she was a minor"); *Doe 1 v. Unified Sch.*

---

[1]   *E.g. Doe v. Kappa Kappa Gamma Fraternity*, No. 23-51-ABJ, 2023 WL 4894429, at *2 (D. Wyo. Apr. 14, 2023) (denying plaintiffs' request to proceed anonymously in case challenging sorority's decision to admit its first transgender member); *Doe v. Weber State Univ.*, No. 20-0054-TC-DAO, 2021 WL 5042849, at *4 (D. Utah Oct. 29, 2021) ("[M]inor victims of sexual assault merit heightened anonymity protections . . . [Plaintiff] is not a minor, nor was she a minor when the alleged assaults occurred" (quotation cleaned up)); *Doe v. Kan. State Univ.*, No. 20-2258-HLT-TJJ, 2021 WL 84170, at *1 (D. Kan. Jan. 11, 2021) (alleging "16 causes of action, including discrimination, retaliation, failure to provide due process, violations of Title IX, violation of the Kansas Consumer Protection Act . . . federal criminal perjury and giving false statements, breach of fiduciary duty, negligent and intentional inflection of emotional distress, contribution and exasperation of Plaintiff's disabilities"); *Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 205 (D. Wyo. 2021) (the "sensitive nature [of child abuse] is . . . weakened here because Plaintiff is no longer a child and these allegations occurred more than nine years ago"); *H.A. v. Blue Valley Unified Sch. Dist. 229*, No. 20-2559-JAR, 2020 WL 6559425, at *1 (D. Kan. Nov. 9, 2020) ("alleging claims of workplace discrimination, sexual harassment, and abuse" as an "adult plaintiff"); *L.E.H. v. Kan. Dep't. of Children and Families*, No. 17-2250-JTM, 2018 WL 1256513, at *2 (D. Kan. Mar. 12, 2018) (adult plaintiff alleging "she suffered physical abuse at the hands of her father in the form of a spanking" when she was seven years old); *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) (college student alleging sexual assault while student at Haskell University); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 410 (10th Cir. 2005) (alleging "BYU police and security officers at various times stopped and questioned him, and that BYU . . . invaded his privacy and defamed him by making unflattering statements about him"); *Femedeer v. Haun*, 227 F.3d 1244, 1247 (10th Cir. 2000) ("alleging that Utah's recently amended sex offender registration and notification system violates various federal constitutional guarantees").

*Dist. 331*, No. 11-1351-KHV, 2013 WL 1624823, at *1–2 (D. Kan. Apr. 15, 2013) (alleging

plaintiffs "are victims of childhood sexual harassment" but "are now adults").[2]  Here, L.Z. joined

the litigation as a minor.  Doc. 178 at 1–2.  So, when she intervened, L.Z.'s decision to

participate in this litigation didn't represent the decision of a legally competent adult.  And she

was entitled to "heightened anonymity protections" as a "minor victim[] of sexual assault[.]"

*Doe v. Weber State Univ.*, 2021 WL 5042849, at *4.  L.Z. thus occupies a different position than

any plaintiff in the cases Genesh cited:  L.Z.'s case involves the sexual abuse of a child, and she

joined the suit while still a minor.

What's more, Judge Mitchell articulated a compelling reason why the potential harm here

justifies anonymity—even if without requiring particularized evidence.  Specifically, she

explained that the harm L.Z. may incur if she must use her name—*i.e.*, emotional harm—is the

very "injury for which she seeks redress in this lawsuit[.]"  Doc. 213 at 3.  And Judge Mitchell

identified other cases where our court found the injury at issue to converge with the potential

injury from disclosure.  *Id.*  Like Judge Mitchell, those cases also found that such a convergence

favors employing a pseudonym.  *Id.* (first citing  *J.B. v. Liberal Sch. Dist.*, No. 06-2359-JWL,

2006 U.S. Dist. Lexis 67622, at *5 (D. Kan. Sept. 20, 2006) (identifying danger that disclosure

of sexual abuse victim's identity would create "some risk that the injury litigated against would

be incurred or exacerbated" (quotation cleaned up)); then citing *Doe v. USD 259, Wichita Sch.*

*Dist.*, No. 22-1279-TC-ADM, 2023 WL 2043155, at *3 (D. Kan. Feb. 16, 2023) ("Although

---

[2]    *Doe 1* itself doesn't say explicitly that plaintiffs were adults when the case was filed.  But it reports that one plaintiff graduated from high school in 2006 and the other graduated from high school in December 2010.  *Doe 1 v. Unified Sch. Dist. 331*, 2013 WL 1624823, at *2.  And the amended complaint alleged that "[u]ntil November 15, 2010, the plaintiff was a minor and required to attend school pursuant to Kansas law."  *Jane Doe 1 & Jane Doe 2 v. Unified Sch. Dist.* 331, No. 11-cv-01351-KHV, Doc. 16 at 5 (Am. Compl. ¶ 16).  Comparing these dates to the filing of the complaint—on November 14, 2011—the court concludes both plaintiffs were easily adults at the filing.  *See id.* Doc. 1.

embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure." (quotation cleaned up))).  In short, Judge Mitchell didn't abuse her discretion by finding "a danger that L.Z. will suffer emotional harm" or that L.Z. "could be further victimized or humiliated if she is required to disclose her identity."  Doc. 213 at 3, 4.

*Third*, Genesh argues that because L.Z.'s identity is already known in the community, she cannot meet her burden to establish her right to proceed anonymously.  Doc. 232 at 8.  Judge Mitchell did not address this matter in her Order—nor did she need to.  Genesh doesn't argue that there's any pressing public interest in L.Z.'s disclosure beyond the generalized interest articulated by the presumption of openness.  Doc. 232 at 5–6.  Judge Mitchell was well within her discretion to determine that such a generalized interest subsides given the extraordinary nature of this case.  *Luo*, 71 F. 4th at 1296–97.

Most importantly, the standard of review—addressed next—mandates that the court affirm.

### B.    The Standard of Review

Recall that the district court applies a "'clearly erroneous or contrary to law'" standard to review a magistrate judge's decision on an issue like this one.  *First Union Mortg.*, 229 F.3d at 995.  And the clearly erroneous standard is "significantly deferential."  *Gallegos*, 314 F.3d at 462 n.3.  Plus, an order is only contrary to law where it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Walker*, 2011 WL 2790203, at *2.  Judge Mitchell's Order neither clearly errs nor acts contrary to law.

For starters, Judge Mitchell's Order identified an impressive line of authority where our court has held that sexual-abuse-of-a-minor allegations warrant protecting the minor's identity. *See* Doc. 213 at 2 (first citing *Doe B.A. v. USD 102*, No. 18-2476-CM, 2019 WL 201741, at *2

(D. Kan. Jan. 15, 2019) ("Judges in this district have consistently found allegations of sexual assault and harassment of minors to be of a nature justifying protecting the identity of the minor."); and then citing *Doe v. USD 259*, 2023 WL 2043155, at *3 ("Judges in this district have consistently found allegations of sexual assault and sexual harassment of minors to be of such a nature that they justify protecting the minor's identity."); and then citing *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) ("Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature."); and then citing *Kiera v. Noltensmeyer*, No. 23-cv-01085, Text Order at ECF 5 (D. Kan. June 5, 2023) (granting leave to adult plaintiffs to proceed under pseudonym where each alleged she was the victim of sexual abuse when a child)).

As if this line-up of cases weren't sufficient, Judge Mitchell also invoked cases from our court where the victim-plaintiff started as a minor and reached the age of majority during the litigation—the very situation presented here. Doc. 213 at 3. Our court permitted plaintiffs in those cases to continue to proceed anonymously. *Id.* (first citing *A.M. v. City of Gardner, Kan.*, No. 19-2425-DDC-JPO, Order at ECF 27 (D. Kan. Dec. 5, 2019) (permitting plaintiff to proceed by her initials after turning 18 in case alleging sexual abuse); and then citing *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (noting that "[t]he fact that [plaintiff] was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis," and permitting plaintiff to continue to proceed anonymously after reaching the age of majority)).

It's awfully hard to conclude the pseudonym Order errs clearly or acts contrary to law when it stands on the shoulders of so many other decisions by our court—all identifying the

same rationale and reaching the same conclusion. What's more, Genesh's opposition simply disregards the reasoning of these cases. Notably absent is any mention of the leading rationale in the Order: the sexual conduct experienced by L.Z. is of a highly sensitive and personal nature. *See generally* Doc. 232. The court thus overrules Genesh's Objection (Doc. 232) to Judge Mitchell's Memorandum and Order (Doc. 213).

## V.        Conclusion

The court concludes Judge Mitchell's Order was neither clearly erroneous nor contrary to law. She acted well within her discretion to determine that the extraordinary nature of this case outweighs the presumption of openness. Indeed, it's disappointing that a review was required. The court understands the allure of seeking a competitive advantage. But experienced members of our bar shouldn't seize every opening to gain a tactical advantage. The sensitive and personal nature of L.Z.'s predicament was evident.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Genesh's Objection and Motion for Review of the Magistrate Judge's Order Allowing Plaintiff L.Z. to Continue under a Pseudonym (Doc. 232) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of March, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

11