IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et al.,

      Plaintiffs,

      v.

GENESH, INC.,

      Defendant.

Case No. 24-2445-DDC-ADM

## MEMORANDUM AND ORDER

In this action, the Equal Employment Opportunity Commission ("EEOC") alleges that Genesh, Inc. ("Genesh"), the owner and operator of more than 50 Burger King restaurant franchises, violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by, among other things, subjecting a class of female employees to sexual harassment. (ECF 1.) The matter is before the court on Genesh's motion seeking relief from the court's June 25, 2025 order permitting plaintiff-intervenor L.Z. to depose Genesh's Chief Operating Officer ("COO"), Anthony Robinson, for an additional four hours. (ECF 404.) For the reasons explained below, the motion is denied.

## I.    BACKGROUND

Robinson is arguably the Genesh employee with the most extensive knowledge of the facts underlying this action. As Genesh's COO, he oversaw investigations of sexual-harassment complaints at the stores. He coordinated with Genesh's investigator to conduct the investigations of complaints made by plaintiff-intervenors and other claimants in this case, and he determined what actions Genesh took in response to the complaints and investigation results. Robinson's

deposition began on April 11, 2025.  Counsel for the EEOC was the first to question him, followed by counsel for intervenor-plaintiffs Frederick and Lassen.  Thereafter, the parties agreed to adjourn the deposition for the day and reconvene on a subsequent day for questioning by L.Z.'s counsel. The parties reconvened Robinson's deposition on April 28, 2025.  During this deposition, Genesh's counsel enforced the default seven-hour deposition time limit set by Federal Rule of Civil Procedure 30(d)(1), thereby ending the deposition before L.Z.'s counsel had completed her questioning.

The parties requested a discovery conference, which the court conducted on June 25, 2025. During the conference, the EEOC made an oral motion for leave for plaintiffs to exceed the default deposition limit as to Robinson, among others.  After hearing the parties' positions, the court found "that allowing the additional depositions is consistent with Federal Rule of Civil Procedure 26(b)(1) in that the discovery is relevant and proportional to the needs of the case."  (ECF 195.) The court granted the motion, "with the caveat that the continuation of Anthony Robinson's deposition must be limited to four hours and be conducted by counsel for LZ."  (*Id.*)

On April 6, 2026, the court again convened a conference, at the parties' request, to discuss L.Z.'s opportunity to depose Robinson.  (ECF 400.)  The parties informed the court that Robinson's continued deposition had been scheduled and canceled multiple times due to Robinson's medical problems.  L.Z. stated that she was attempting to schedule it again, but that Genesh had informed her that it intended to seek relief from the court's June 25 order granting the additional four-hours of deposition time.  The court then set a briefing schedule "for defendant to file a motion for reconsideration of the June 25 order."  (ECF 401.)  Genesh filed the present motion on April 11.

## II.    ANALYSIS

The court begins its analysis by identifying the correct legal framework for considering Genesh's motion to "vacate" the portion of the June 25 order permitting the additional four hours of deposition time.  (ECF 416, at 2.)  Genesh seeks relief under Federal Rule of Civil Procedure 60.  But Rule 60 provides a mechanism to seek relief from a "*final* judgment, order, or proceeding"—in other words, from a dispositive ruling.  FED. R. CIV. P. 60(b) (emphasis added).  The discovery order at issue here is an interim ruling, making Rule 60 inapplicable.  *See Gollaher v. Morgan Cnty.,* No. 2:16-CV-01258-DN-CMR, 2020 WL 13824576, at *2 (D. Utah Dec. 23, 2020) ("[T]he Discovery Orders are interlocutory orders, not final judgments subject to Rule 60."); *OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2024 WL 3276421, at *2 (D. Utah July 2, 2024) ("Rule 60(b) is inapplicable because the prior discovery order is not a final order.").  Relief from interim discovery orders is governed by D. Kan. Rule 7.3, which permits the filing of motions for reconsideration of a court order.  Rule 7.3 motions must be brought "within 14 days after the order is served unless the court extends the time."  D. KAN. RULE 7.3.  Here, the court arguably extended the time for Genesh to bring its motion by setting a briefing schedule "for defendant to file a motion for reconsideration of the June 25 order" during the April 6 conference.  (ECF 401.)  Though the present motion is, perhaps, untimely, the court nonetheless addresses (and denies) it on the substantive merits.

Rule 7.3 directs that a motion to reconsider must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  Here, Genesh does not suggest there has been a change in controlling law or that the court's order must be vacated to prevent manifest injustice.  Rather, Genesh suggests

3

that circumstances have changed such that permitting L.Z. to depose Robinson for an additional four hours is no longer warranted.  The court is not persuaded.

The court has broad discretion to determine whether to allow depositions to extend beyond the seven-hour presumptive limit set in Federal Rule of Civil Procedure 30(d)(1).  *See  Preston v. Marathon Oil Co.,* No. 08-CV-239-J, 2009 WL 10689014, at *3 (D. Wyo. Sept. 14, 2009) ("Fed. R. Civ. P. 30(d)(1) permits the Court, in its discretion, to allow additional time for deposition."). Moreover, Rule 30(d)(1) directs that the court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent."

During the June 25 discovery hearing, the EEOC and L.Z. explained that the EEOC used the bulk of Robinson's default deposition time during its questioning.  (ECF 390, at 8-14.)  The EEOC's case is quite different in scope from L.Z.'s case.  It is focused on systemic sexual harassment and involves multiple claimants, spanning a course of six years.  Although L.Z. is one of those claimants, her allegations appear to be, by far, the most egregious of any of the claimants. L.Z. asserts that she seeks information on "issues that have not been raised yet in a Robinson deposition . . . that relate to her claims that remain in this case." (ECF 414, at 5.)  In other words, L.Z.'s questions will not be duplicative of those already asked by the EEOC.  In addition, as mentioned above, Robinson is a central witness in this case due to the human-resources responsibilities he handled as Gensh's COO, including overseeing investigations of sexual assault, coordinating with Genesh's outside investigator, reviewing the investigator's reports, and determining what action to take as a result of the conduct discussed in those reports.  Given all of these considerations, the court determined that LZ is entitled to additional deposition time to fairly examine Robinson.  These reasons behind the court's decision to permit L.Z. additional time to depose Robinson have not changed.

4

In asserting changed circumstances, Genesh attributes significance to the fact that, since the June 25 order, L.Z. has amended her complaint to eliminate her state-law claims. But because the case still involves the same underlying facts from Robinson's perspective, that change does not meaningfully impact the amount of time necessary for L.Z. to fairly examine Robinson. Genesh also suggests that Robinson's current medical condition weighs against permitting L.Z. to move forward with his deposition. But Genesh has not met its burden to show Robinson's health problems would prohibit him from sitting for an additional four hours of deposition time. Genesh has not explained what the health problems are, nor provided documentation showing Robinson is under medical restrictions that prohibit him from being able to sit for the additional time. In addition, L.Z.'s response states that L.Z. "has offered to make any accommodations needed for Robinson such that he can participate in a deposition for four hours." (ECF 414, at 3.) Genesh has not articulated any reason why the deposition format could not be modified to accommodate any medical restrictions. Finally, other changed circumstances weigh in support of maintaining the additional four-hour deposition time. Discovery has progressed significantly since Robinson's original deposition, including additional document productions—both by Genesh and its investigator, Jana Stuart, who reports to Robinson. L.Z. seeks to question Robinson about information gained from the newly produced documents.

For all of these reasons, the court does not find that a change of circumstances justifies reconsideration of the June 25 order.

5

**IT IS THEREFORE ORDERED** that Genesh's motion seeking relief from the court's June 25, 2025 order permitting L.Z. to depose Robinson for an additional four hours (ECF 404) is denied.

Dated May 7, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge