**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>GENESH, INC.,<br><br>*Defendant*. | Case No. 24-2445-AJP-ADM |

**MEMORANDUM AND ORDER**

Plaintiffs Equal Employment Opportunity Commission ("EEOC"), Tauna Frederick, L.Z., and Karla Lassen filed suit against Defendant Genesh, Inc. ("Genesh") asserting claims of unlawful employment practices, including sexual harassment. Before the Court are Defendant's Objection and Motion for Review of Magistrate Judge's Order Granting Plaintiff L.Z.'s Leave to Amend Complaint (Doc. 363), Defendant's Motion for Relief from Order Allowing Intervenor L.Z. to Proceed under a Pseudonym pursuant to Fed. R. Civ. P. 60(b)(5) (Doc. 409), Plaintiff L.Z.'s Motion to Retain Redactions (Doc. 413), and Plaintiffs EEOC and L.Z.'s Motion to Seal and Redact (Doc. 489). For the reasons stated in more detail below, the Court denies Defendant's Objection and Motion for Review. The Court, however, grants Defendant's Motion for Relief because it finds that there is no longer a compelling need for L.Z. to proceed under a pseudonym.

## I. Factual and Procedural Background

On September 30, 2024, Plaintiff EEOC filed this action against Defendant Genesh, the owner and operator of more than 50 Burger King restaurant franchises, located in Kansas and Missouri, alleging that Genesh violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 by, among other things, sexually harassing L.Z. (who was a minor at the time) and a class of female employees. L.Z.'s mother, Amy Creason, intervened as a plaintiff on L.Z.'s behalf. She filed an Intervenor Complaint that included multiple state law claims against Genesh. When the Intervenor Complaint was first filed, L.Z. was a minor. The case proceeded using L.Z. as a pseudonym.

When L.Z. reached the age of majority, she was substituted for Creason.[1] L.Z. and EEOC filed a joint motion for L.Z. to continue in the case under a pseudonym. Magistrate Judge Mitchell granted the motion. Judge Mitchell specifically found that the continued use of a pseudonym was warranted because the case involved (1) the repeated sexual abuse of a minor which was a matter of a highly personal and sensitive nature, (2) there was a danger that L.Z. would suffer emotional harm if her identity was known, (3) there was no public interest in knowing her identity, other than a generalized interest in open court proceedings, and (4) Defendant was not prejudiced because it knew L.Z.'s identity. When Defendant objected to the

[1] Pursuant to Fed. R. Civ. P. 17(c)(2), suit by a next friend on behalf of a minor is only appropriate during the child's minority. After a child reaches the age of majority, he or she should be substituted as the interested party. *See Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 952 n. 1 (D. Kan. 2005).

Magistrate Judge's order and sought review, the Court denied the motion and upheld Judge Mitchell's decision for the same reasons.[2]

L.Z. then filed a Motion for Leave to Amend Complaint. In that motion, she sought to drop her state law claims but requested the option to refile those claims in state court. Judge Mitchell granted her motion and gave her leave to amend her complaint without placing any conditions on her ability to assert the state law claims again.

In making her decision, Judge Mitchell considered the stage of litigation and the timing of L.Z.'s motion. Judge Mitchell explained that the discovery process had been drawn out due to many factors, including the appointment of a special inspector and a government shutdown. Even though the deadline for a motion to amend had passed, Judge Mitchell noted that L.Z. was a minor at that deadline, and she should be given the chance to pursue fewer claims than her mother originally brought because L.Z. had now reached the age of majority and could make her own litigation decisions. Furthermore, she found good cause for the amendment because it streamlined the case as L.Z. was dropping, not adding claims, and she was the only plaintiff asserting state law claims in the case. Allowing L.Z. to drop her state law claims also made Defendant's motion to assert an affirmative defense related to the state law claims moot.

---

[2] At that time, the case was assigned to District Judge Daniel Crabtree, but it was recently reassigned to the undersigned in July 2026.

Judge Mitchell considered Defendant's arguments that it would be prejudiced because the process would restart when L.Z. refiled her claims in state court, and it would be impermissible claim splitting. The Magistrate Judge, however, held that Defendant was not prejudiced because the harms were hypothetical and premature. In addition, Judge Mitchell reasoned that if L.Z. filed a state court complaint, the state court could make the determination as to whether it was impermissible claim splitting.

Finally, Defendant requested that conditions be placed on any amendment to the Complaint, either that the claims be dismissed with prejudice or that L.Z. pay costs and attorney's fees. For the same reasons, Judge Mitchell held that conditions were not warranted at the time. When granting the amendment, Judge Mitchell included a footnote stating L.Z. was permitted to drop her state law claims, but that she took "no position" on whether the claims were "dismissed with or without prejudice" because Rule 15 did not require her to do so. (Doc. 351 at 5 n. 3). The order made no mention of costs or attorney fees.

Defendant has now filed an Objection and Motion for Review of Magistrate Judge's Order Granting Plaintiff L.Z.'s Leave to Amend Complaint (Doc. 363). It argues the order was legally erroneous because Judge Mitchell failed to utilize her discretionary authority to determine if conditions were needed. Defendant also contends the Magistrate Judge's findings were clearly erroneous because Defendant suffered prejudice by the duplicative litigation and the time and effort it had already expended defending against the state law claims. Defendant asks the Court

to set aside the Magistrate Judge's Order and either deny L.Z.'s motion to amend or "permit amendment only upon reasonable conditions designed to mitigate prejudice to Genesh." (Doc. 363 at 14).

Defendant has also filed a Motion for Relief from Order Allowing Intervenor L.Z. to Proceed under a Pseudonym pursuant to Fed. R. Civ. P. 60(b)(5) (Doc. 409). After L.Z.'s motion to amend was granted, she dropped her state law claims and refiled them in state court under her real name. Defendant argues that the state court case has removed L.Z.'s need for anonymity. In state court, however, L.Z. moved to proceed under a pseudonym. Consequently, EEOC and L.Z.'s responses to Defendant's motion mainly argue that her need for anonymity still exists because the state court case will not continue under her real name, and it will also proceed under a pseudonym.[3]

Plaintiff L.Z. has also filed two motions to seal and redact various documents (Docs. 413 and 489). L.Z.'s primary argument in both motions is that the Court's reasons for allowing her to proceed under a pseudonym also warrant the redaction or sealing of the documents.

Since the motions have been filed, the state court decided L.Z.'s motion to proceed under a pseudonym.[4] The state court denied her motion primarily because

---

[3] As will be discussed below, the procedural posture of the state court case has progressed.

[4] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citation omitted). As such, the Court takes judicial notice of DG-2026-CV-000204 filed in Douglas County District Court on April 10, 2026.

she chose to file the action under her name, and as a result her name and identity have been made public in connection with the complained of events. Going forward, L.Z.'s state law claims, related to the same incidents complained of in this case, will proceed under her real name.

## II. Legal Standard

A motion to review a magistrate's order is generally governed by Fed. R. Civ. P. 72. There are different legal standards depending on whether the magistrate's ruling is on dispositive or non-dispositive matters. *See* Fed. R. Civ. P. 72. When reviewing a magistrate judge's order deciding non-dispositive, pretrial matters, the district court applies a "clearly erroneous or contrary to law" standard of review. *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 72(a). Factual determinations are clearly erroneous if, after viewing the entirety of the evidence, the Court is left "with the definite and firm conviction that a mistake has been committed." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). A magistrate judge's decision on legal matters is contrary to law "if it applied an incorrect legal standard or failed to consider an element of the applicable standard." *In re Motor Fuel*, 707 F. Supp. 2d at 1148 (citation omitted).

For Defendant's Motion for Relief from the interlocutory order allowing L.Z. to proceed pseudonymously, Defendant seeks relief under Fed. R. Civ. P. 60(b)(5). This rule, however, relieves a party from a final judgment—which an interlocutory

order is not. Reconsideration of an interlocutory order is governed by Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3.

Under Rule 54(b), interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under D. Kan. Rule 7.3, a motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Whether to grant a motion to reconsider lies in the discretion of the Court. *Taylor v. Colo. Dep't of Health Care Pol'y & Fin.*, 811 F.3d 1230, 1236 (10th Cir. 2016).

## III. Analysis

### A. Motion for Review of Order Granting Leave to Amend (Doc. 363)

Defendant argues that the Magistrate Judge's order granting L.Z. leave to amend should be overturned because the order is contrary to law and clearly erroneous. Defendant first asserts that Judge Mitchell's finding that there was no undue prejudice to Defendant was clearly erroneous. Next, Defendant contends that Judge Mitchell acted contrary to law when she failed to consider whether conditions were needed under Rule 15.[5]

As an initial matter, to support its assertions, Defendant relies heavily on case law interpreting Fed. R. Civ. P. Rule 41(a) and argues that granting conditions

[5] Judge Mitchell applied the Tenth Circuit's two-part test for orders granting leave to amend after a scheduling order deadline. The two-part test requires showing good cause to amend the scheduling order under Rule 16(b)(4) and satisfaction of the Rule 15(a) standard. *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). Defendant only objects to the legal analysis applied to determine satisfaction of the Rule 15(a) standard.

under Rule 41(a) is indistinguishable from doing the same under Fed. R. Civ. P. Rule 15. The Court disagrees. Judge Mitchell correctly applied Rule 15 instead of Rule 41(a) because L.Z. only sought to drop her state law claims—not all her claims—against Defendant. *See Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (explaining that the plaintiff could not voluntarily dismiss one of its claims pursuant to Rule 41(a) because that rule "speaks to dismissal of an action, not just a claim within an action"); *see also Campbell ex rel. Jackson v. Hoffman*, 151 F.R.D. 682, 684 (D. Kan. 1993) ("Rule 41(a)(2) authorizes a plaintiff to dismiss voluntarily an 'action,' but does not apply when a plaintiff seeks to dismiss some, but not all, of his or her claims. A motion to eliminate certain claims from a multi-count complaint should be made in a motion to amend under Rule 15") (internal citations omitted). To the extent Defendant argues that withdrawal of claims under a Rule 15 amendment is treated as a voluntary dismissal under Rule 41, it does not direct the Court to any binding authority. In addition, as noted above, there is Tenth Circuit caselaw holding that Rule 41(a)(2) does not apply when the proposed amendment does not drop *all* the plaintiff's claims against the defendant. *See Gobbo Farms*, 81 F.3d at 123. Therefore, Judge Mitchell did not clearly err in applying Rule 15, and the Court will address it under the Rule 15 standard.

*1. Undue Prejudice*

Defendant argues that the Motion to Amend should not have been granted because Judge Mitchell's finding regarding prejudice to Defendant was clearly

erroneous. Under Rule 15(a)(2), a party may amend its pleadings with the court's leave, and the court should "freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). The non-moving party bears the burden of showing prejudice. *Little v. Reed-Prentice Div. of Package Mack. Co.*, 131 F.R.D. 591, 593 (D. Kan. 1990).

In the context of Rule 15, "undue prejudice" has been interpreted to mean anything that "unfairly affects the defendant[] 'in terms of preparing [its] defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). This most often occurs when the amended claims arise out of subject matter different from what was set forth in the complaint and raise a significant new factual issue. *Id.* It is difficult to find undue prejudice when the request for leave to amend is to drop, not to add, claims because "there is no additional 'preparation' or discovery required on the defendant's part." *MTK Constr. & Properties, LLC v. State Farm Fire and Cas. Co., Inc.*, 2022 WL 19914588, at *1 (E.D. Okla. Mar. 9, 2022).

Defendant argues that it faces undue prejudice because it is exposed to duplicative litigation and it has already spent "substantial time, effort, and expense" defending against L.Z.'s state law claims. (Doc. 363 at 12). First, Judge Mitchell considered Defendant's exposure to duplicative litigation and found it

speculative at the time, but even if L.Z. refiled, Judge Mitchell noted that the state court could address Defendant's claim splitting argument and determine the viability of the claims. Similarly, in *Franklin D. Azar & Assocs., P.C. v. Dominic X. Genco LLC*, 2026 WL 266055, at *4 (D. Colo. Feb. 2, 2026), the District of Colorado found that there was no undue prejudice under Rule 15(a) where the defendant would potentially be subjected to duplicative litigation because the defendant could raise the doctrine of collateral estoppel if the claim was refiled, but either way, it was "not a factor that courts consider when analyzing a motion to amend under Rule 15(a)."

Further, the time, effort, and expense spent by the defendant does not indicate undue prejudice. Although this argument was not thoroughly analyzed by Judge Mitchell, she did analyze the timing of the amendment request. Judge Mitchell found that L.Z. demonstrated good cause for amending the scheduling order because L.Z. was now an adult and wanted to make decisions regarding her complaint that differed from her mother's. Judge Mitchell also acknowledged that the discovery process had been prolonged and stayed for a time because of multiple factors, including the appointment of a special master and a government shutdown. Furthermore, even though resources had been expended on discovery, Defendant did not make clear in any of its filings to what extent that effort would not have been needed because the federal claims arise out of the same facts. In *Franklin D. Azar*, the District of Colorado concluded that there was no undue prejudice where the defendant had already conducted a "sophisticated and expensive investigation"

into an advertising campaign because that campaign was still the subject of the remaining claims. 2026 WL 266055, at *3. As mentioned by Judge Mitchell, the burden of proving undue prejudice is on the non-movant, and Defendant presented insufficient evidence to support its claim of undue prejudice. *See Little*, 131 F.R.D. at 593.

Considering all the evidence, the Court is not left with the "definite and firm conviction that a mistake has been committed." *In re Motor Fuel,* 707 F. Supp. 2d at 1148 (quoting *Ocelot Oil Corp.*, 847 F.2d at 1464). Thus, Judge Mitchell's finding that there was no undue prejudice to Defendant was not clearly erroneous.

*2. Conditions*

As an alternative to prohibiting L.Z.'s amendment, Defendant sought conditions for any amendment. First, Defendant requested that L.Z.'s state law claims be dismissed with prejudice, or second, that Defendant receive its costs and attorney's fees related to the effort expended defending against those claims. Judge Mitchell granted L.Z. leave to amend without imposing any conditions. Defendant contends that Judge Mitchell failed to recognize that she had the discretion under Rule 15 to impose conditions on L.Z.'s leave to amend because she did not impose any conditions.

Rule 15 does not explicitly permit a court to impose conditions on an amendment or to award costs or sanctions. The Tenth Circuit has held, however, that "it is within a court's discretion to impose 'reasonable conditions' on a grant of leave to amend." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1386

(10th Cir. 1980) (quoting *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 192 F.2d 620, 631 (10th Cir. 1951)).

Judge Mitchell explained that the "court will not, as Genesh requests, place conditions on amendment" because Defendant's requested conditions were all to "mitigate against a hypothetical risk of duplicative litigation" (Doc. 351 at 5). To support her decision, she cited case law from within the Tenth Circuit where courts denied conditions limiting the plaintiff's ability to refile claims because the purported harm was hypothetical and premature until the plaintiff chose to refile them. *See Ashford v. Neb. Furniture Mart, Inc.*, 2017 WL 1332706, at *2 (D. Kan. April 11, 2017) (citing *Norvell v. Sangre de Criso Dev. Co.*, Inc., 519 F.2d 370, 375 (10th Cir. 1975)) (declining to address whether the claims were removed with or without prejudice under Rule 15 because addressing the concern of refiling would be an advisory opinion); *Royal Pacific Ltd. v. Faith Elec. Manufacture Co., Ltd.*, 322 F. Supp. 3d 1178, 1183 (D.N.M. 2018) (declining to deem claims abandoned by amended complaint as dismissed "with prejudice" and stating that it would consider the viability of such claims only should the plaintiff seek to reassert them in the future). This analysis does not demonstrate that Judge Mitchell failed to recognize that she had the authority to impose conditions. Instead, it demonstrates that she was fully aware of the authority but chose not to impose conditions given the circumstances.

Defendant also points to the third footnote in Judge Mitchell's order to assert that she failed to exercise the required discretion under Rule 15. Defendant argues

that Judge Mitchell stated that she "expressly declined to consider whether the amendment should be conditioned, stating that she 'takes no position' on whether the withdrawn claims are dismissed with or without prejudice." (Doc. 374 at 5).

The Court, however, views this footnote as a clarification of her position on the conditions, not as an admission of a misunderstanding of the law. The full footnote reads:

> To be clear, the court is permitting LZ to drop her state-law claims via an amended complaint. The court is not "dismissing" the claims—or deciding whether any such dismissal would be with or without prejudice—because dismissal is governed by Rule 41 and only applies to dismissal of an "action." The court takes no position on the arguments presented in the parties' briefs about whether the amendment results in LZ's Kansas claims being dismissed with or without prejudice. (Doc. 351 at 5, n. 3).

The footnote comes after Judge Mitchell explained why she found that there was no need to impose conditions at that time. As the Court just explained, this statement demonstrates an understanding of her authority to impose conditions when warranted. And the footnote simply clarifies that the leave to amend did not operate as a dismissal under Rule 41. Judge Mitchell avoided labeling the claims "dismissed without prejudice" because that language comes from Fed. R. Civ. P. 41(a)(2) whereas, Fed. R. Civ. P. 15(a)(2) is silent on the proper terminology. As noted by the Eastern District of Oklahoma, "there does not appear to be any clear authority as to whether claims removed, i.e., dismissed via amendment should be considered with prejudice or without under Rule 15." *MTK Constr.*, 2022 WL 19914588, at *2 (quoting *Jordan W. Cos. Ltd. v. Native Rank, Inc.*, 2019 WL 3936984, at *3 (D. Colo. Aug. 5, 2019)) (cleaned up).

Defendant also contends that Judge Mitchell's failure to discuss whether costs and attorney's fees were warranted was contrary to law. The Court disagrees. An analysis into every requested condition is not required when the court determines that conditions are not warranted. *See Hill v. McHenry*, 1999 WL 588193, at *4 (D. Kan. July 23, 1999) (denying request for amendment conditioned on paying costs and attorney's fees without discussion). Judge Mitchell knew of her authority and applied her discretion when determining that conditions were not needed. Thus, Judge Mitchell's order granting L.Z. leave to amend is not contrary to law nor clearly erroneous. Accordingly, the Court denies Defendant's motion.

**B. Motion for Relief from Order Allowing L.Z. to Proceed Pseudonymously (Doc. 409)**

Defendant argues that new facts have arisen since the Court last considered whether L.Z. should proceed under a pseudonym. Specifically, Defendant states that L.Z. filed a civil action against Defendant (and others) in state court under her true, full legal name.[6] Defendant contends that the factual conditions justifying L.Z.'s need for anonymity no longer exist and continued enforcement of the pseudonym order unfairly prejudices Defendant.[7]

"Proceeding under a pseudonym in federal courts is, by all accounts, an unusual procedure." *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (internal

---

[6] Defendant attached the state court Petition under seal.

[7] Defendant also asserts it will suffer manifest injustice due to the jury knowing L.Z. was allowed to proceed under a pseudonym. The Court remains unpersuaded. *See Resolution Trust Corp. v. Greif*, 906 F. Supp. 1446, 1456–57 (D. Kan. 1995) (noting that a motion to reconsider is not a mechanism to rehash arguments previously considered and rejected by the court).

quotation marks and citation omitted). "But federal courts traditionally have recognized that in some cases the general presumption of open trials . . . should yield in deference to sufficiently pressing needs for a party or witness anonymity." *Id.* (internal quotation marks and citation omitted). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* (internal quotation marks and citation omitted).

Since L.Z. was granted leave to amend her complaint, she dropped her state law claims in this case and refiled them in state court. When she filed her state court case, she filed it under her real name. After filing, she moved to proceed pseudonymously. The state court, however, denied her motion.[8] Thus, the state law claims arising out of the same factual basis and against the same defendant will proceed under her real name.

The two main reasons why the Court previously allowed L.Z. to proceed pseudonymously were that the case involved sexual harassment and statutory rape of a minor, which is of a highly sensitive and personal nature, and the emotional harm that L.Z. might incur from the disclosure of her identity. This decision followed several cases in the District of Kansas which permitted a plaintiff to

---

[8] The Court recognizes that L.Z. states that her choice to file under her real name, instead of a pseudonym, was her understanding that state law made her believe that her claim would potentially be dismissed under the statute of limitations if she did not first file under her real name. It is unnecessary for the Court to consider this argument, however, because it is now moot given that the state court denied her motion to proceed under a pseudonym.

proceed pseudonymously where the case involved sexual abuse and at all relevant times the victim was a minor. *See Doe B.A. v. USD 102*, 2019 WL 201741, at *2–3 (D. Kan. Jan. 15, 2019); *M.T. v. Olathe Public Schs. USD 233*, 2018 WL 806210, at *2–3 (D. Kan. Feb. 9, 2018); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10–11 (D. Kan. Sept. 1, 2017). These cases, however, were based on preventing public disclosure of the victim's identity in connection with those acts.

The Court recognizes that this case still involves matters of a highly sensitive and personal nature. Those same matters, however, are now also being litigated in the state court case and in the public record. The same events that are the basis for L.Z.'s federal claims in this Court are the basis for L.Z.'s state law tort claims for battery, assault, intentional infliction of emotional distress, negligence, and vicarious liability in the state court case. L.Z., by her own choice, attached her real identity to these personal and highly sensitive matters which negates the general need to protect the identity of a minor. This new development contradicts the Court's main reasoning for previously allowing L.Z. to proceed under a pseudonym.

Furthermore, the harm from the disclosure of her identity is now moot. L.Z. asked the Court if she could amend her complaint to drop her state law claims from the federal proceedings. The Court granted her request. L.Z. then chose to refile her state law claims against Defendant in state court under her real name. Although she asked the state court to allow her to proceed pseudonymously, the state court denied her request largely because she brought the injury upon herself by not first filing under a pseudonym. Any harm resulting from the disclosure of her identity

cannot be avoided by proceeding under a pseudonym in one case while the other case proceeds under her real identity.

The Court agrees that it was previously proper for L.Z. to proceed under a pseudonym. This need, however, no longer exists now that L.Z.'s state court claim is not proceeding under a pseudonym and is instead proceeding under her real name. L.Z.'s independent choices worked against her interest to preserve her anonymity. Thus, the Court is no longer persuaded that L.Z.'s need for anonymity outweighs the presumption of open trials. Accordingly, based on the availability of new evidence before the Court, the Court grants Defendant's Motion for Relief.

**C. Motions to Seal and Redact**

L.Z. filed a Motion to Retain Redactions (Doc. 413) and a Motion to Seal and Redact (Doc. 489) regarding recent motions, briefings, and exhibits. In these motions, L.Z. relies heavily on the Court's prior allowance for L.Z. to proceed under a pseudonym to support her contentions that certain matters should be redacted or filed under seal. Because the Court is no longer allowing L.Z. to proceed under a pseudonym, the Court orders L.Z. to show cause to this Court why her requests to seal and redact should be granted in light of the Court's ruling that L.Z. can no longer proceed under a pseudonym.

**IT IS THEREFORE ORDERED** that Defendant's Objection and Motion for Review of Magistrate Judge's Order Granting Plaintiff L.Z. Leave to Amend Complaint (Doc. 363) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Relief from Orders Allowing Intervenor L.Z. to Proceed Under a Pseudonym Pursuant to Red. R. Civ. P. 60(b)(5) (Doc. 409) is **GRANTED**.

**IT IS FURTHER ORDERED** that Intervenor Plaintiff L.Z. shall show cause to the Court, within 14 days of the date of entry of this Order, as to why her motions to seal and redact (Docs. 413 and 489) should be granted. Defendant shall have 7 days to respond.

**IT IS SO ORDERED.**

Dated this 25th day of August 2026.

s/ Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE