**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION et al.,

*Plaintiffs*,

v.

GENESH, INC.,

*Defendant*.

Case No. 24-2445-AJP-ADM

**MEMORANDUM AND ORDER**

Plaintiffs Equal Employment Opportunity Commission ("EEOC"), Tauna Frederick, Lucille Zachariah, and Karla Lassen filed suit against Defendant Genesh, Inc. ("Genesh") asserting claims of unlawful employment practices, including sexual harassment. Before the Court are Plaintiffs EEOC and Zachariah's Motion to Retain Redactions in ECF 409-1 (Doc. 413); Motion to Seal & Redact (Doc. 489); Motion to Seal & Redact (Doc. 505); Motion to Redact (Doc. 507); Motion to Seal & Redact (Doc. 524); and Motion to Seal and Redact (Doc. 536). The Court grants and denies the motions as explained below.

## I. Factual and Procedural Background

Plaintiff EEOC filed this action against Defendant Genesh, the owner and operator of more than 50 Burger King restaurant franchises, located in Kansas and Missouri, alleging that Genesh violated Title VII of the Civil Rights Act of 1964 and

Title I of the Civil Rights Act of 1991 by, among other things, sexually harassing Lucille Zachariah (who was a minor at the time) and a class of female employees. Tauna Frederick, Lucille Zachariah, and Karla Lassen intervened as plaintiffs.

In April 2026, Defendant moved for relief from the Magistrate Judge's order allowing Zachariah to proceed under a pseudonym (Doc. 409). Defendant attached a redacted version of Zachariah's State Court Petition as an exhibit to that motion. (Doc. 409-1). Both were filed provisionally under seal. Plaintiffs then moved to retain the redactions to preserve Zachariah's identity. (Doc. 413).

Currently, the parties have six motions to seal and redact that relate to three substantive pending motions, for which they have filed numerous exhibits provisionally under seal, pending the Court's ruling on the six motions to seal and redact.

The first substantive motion at issue is Defendant's Motion to Exclude or Limit the Expert Testimony of Dr. Stephen Peterson and Louise Fitzgerald (Doc. 480). Plaintiffs moved to seal and redact Defendant's motion (Docs. 480, 482) and eighteen of the attached exhibits (Docs. 481-1–18) because they contain sensitive information related to Zachariah's medical information and sexual history as a minor. (Doc. 489).

Defendant then filed a Motion for Summary Judgment (Doc. 484) and provisionally sealed 28 exhibits in support of said motion. Plaintiffs moved to seal Doc. 485-15 and to redact Docs. 484, 484-5, 485-4, 485-6, 485-7, 485-10, 485-11, 485-15, 485-16, 485-19, 485-21, and 485-24. (Doc. 489).

Lastly, Plaintiffs filed a Motion to Exclude the Expert Testimony of Dr. Sanya Virani and Matthew Wester (Doc. 487). They provisionally filed the motion and its 10 exhibits under seal. Plaintiffs then moved to seal the briefing and the exhibits. (Doc. 489).

In August 2026, the Court held that Zachariah could no longer proceed under a pseudonym. Consequently, the Court ordered Plaintiffs to show cause as to why their motions to seal and redact (Docs. 413 and 489) should be granted. Plaintiffs responded to the Court's August 2026 Order to Show Cause stating that the Motion to Retain Redactions (Doc. 413) could be denied because the August 2026 order resolved the issue. (Doc. 525). Plaintiffs also reduced the number of filings they sought to seal and redact in Doc. 489. (Doc. 525).

Also in August 2026, Plaintiffs responded to Defendant's Motion to Exclude Expert Testimony (Doc. 497) with 16 exhibits attached thereto. Plaintiffs then moved to seal the briefing (Doc. 497) and 10 exhibits (Docs. 497-1–4, 497-7–8, 497-13–16) and to redact Doc. 497-9 to protect Zachariah's sensitive medical information and information related to minors. (Doc. 505). Plaintiffs then moved to redact Defendant's response to Plaintiffs' Motion to Exclude Expert Testimony (Doc. 501) to protect Zachariah's sensitive medical information. (Doc. 507).

In September 2026, Plaintiff EEOC filed a response to Defendant's Summary Judgment motion (Doc. 509) and provisionally filed four exhibits under seal (Doc. 513). Plaintiffs then moved to seal and redact those four exhibits. (Doc. 524).

Also in September, Defendant filed a reply to its Motion for Summary Judgment (Doc. 528) and provisionally sealed seven exhibits (Doc. 533). Plaintiffs moved to seal Doc. 533-6 because it contains sensitive medical information and to redact Docs. 533-1–5 and 533-7 to preserve Jane Doe's anonymity. (Doc. 536).

## II. Legal Standard

The Supreme Court and the Tenth Circuit recognize a general right to the public to access and inspect judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann*, 477 F.3d at 1149 (citing *Nixon*, 435 U.S. at 599).

A motion to seal or redact must include:

> (1) a description of the specific portions of the document, . . . which must be narrowly tailored to the asserted confidentiality interest;
>
> (2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders, alone, are insufficient to justify restriction);
>
> (3) a clearly defined and serious injury that would result in the absence of restricting public access;
>
> (4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question; [and]
>
> (5) the extent to which the motion is opposed or unopposed, if known . . . . D. Kan. R. 5.4.2(c).

When deciding a motion to seal or redact, the Court applies "a strong presumption in favor of public access" because it "recognize[s] a general right to

inspect and copy public records and documents, including judicial records and documents." *United States v. Johnson*, 125 F.4th 1352, 1360 (10th Cir. 2025) (internal quotation marks and citations omitted). "This 'strong presumption' increases when the information subject to a request to seal or redact provides the basis for a court's decision on the merits of the litigation." *Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, at *1 (D. Kan. Apr. 19, 2024) (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)). "Parties may rebut this presumption by demonstrating that 'countervailing interests heavily outweigh the public interests in access.'" *Johnson*, 125 F.4th at 1360 (quoting *Mann*, 477 F.3d at 1149). "The movant bears a heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1085 (10th Cir. 2023) (citing *McWilliams v. DiNapoli*, 40 F.4th 1118, 1130–31 (10th Cir. 2022)).

## III. Analysis

### A. Motion to Retain Redactions in ECF 409-1 (Doc. 413)

The redactions in Doc. 409-1 concealed Zachariah's identity because she was proceeding under a pseudonym. Now that Zachariah is no longer proceeding under a pseudonym, EEOC and Zachariah claim that the issues raised in the Motion to Retain Redactions (Doc. 413) have been resolved, so the motion can be denied. The Court agrees and denies Plaintiffs' motion.

**B. Motion to Seal and Redact (Doc. 489)**

Plaintiffs EEOC and Zachariah moved to seal and redact a total of 34 documents because they contained sensitive information about a minor, they identified individuals proceeding under pseudonyms, and they relied upon school records that were previously excluded. Before ruling on this motion, the Court held that Zachariah could no longer proceed under a pseudonym. The Court then ordered Zachariah to show cause as to why the motion to seal and redact should still be granted. Plaintiffs EEOC and Zachariah responded to the order to show cause and modified their requests to seal and redact. They now move to seal several exhibits supporting Defendant's Motion to Exclude Expert Testimony (Docs. 481-2, 481-4, 481-5, 481-6, 481-7, 481-9, 485-14, 487-1, 487-2, 487-3, 487-4, 487-5, 487-7, 487-9) and to redact Defendant's Motion to Exclude Expert Testimony (Docs. 480, 482),[1] the exhibit list for Defendant's Motion for Summary Judgment (Doc. 484-5), and several exhibits in support of Defendant's Motion for Summary Judgment (Docs. 485-4, 485-7, 485-15, 485-24).

Plaintiffs argue that the documents should be sealed or redacted because they either contain sensitive medical information, contain a photograph of Zachariah's face when she was a minor, contain information about Zachariah's school records that were previously excluded, contain identifying information generally protected from public disclosure, or expose Jane Doe's identity. Defendant

[1] Docs. 480 and 482 are identical documents with identical proposed redactions, and they were not provisionally sealed when filed.

generally opposes the motion arguing that Plaintiffs' requests are inconsistent and not specifically tailored to particular privacy interests. Defendant, however, states that it "continues its limited nonopposition to narrowly tailored protection of independent privacy interests, including redactions required by Fed. R. Civ. P. 5.2 and Jane Doe's identity . . . ." (Doc. 535 at 6).

*1. Sensitive Medical Information*

In response to the Order to Show Cause, Plaintiffs assert that Docs. 480, 481-2, 481-4, 481-5, 481-6, 481-7, 481-9, 482, 485-15, 487-1, 487-2, 487-3, 487-4, 487-5, 487-7, 487-9 "contain highly sensitive medical information about Plaintiff Zachariah" and should be either sealed or redacted. (Doc. 525 at 2). Plaintiffs argued in their original motion that these documents needed to be sealed because they contain sensitive health information regarding Zachariah's medical diagnosis and her sexual history as a minor, both of which are recognized privacy interests. Plaintiffs contend that if this information were to be unsealed, Zachariah would be subject to "further victimization as well as harm to her well-being and dignity." (Doc. 489 at 4).

As Plaintiffs assert, medical records are a type of document that a court may seal. *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) (citing *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 n.1 (10th Cir. 2008)). However, this confidentiality interest is diminished when that information is already in the public record. *Id.* As highlighted by Defendant, there are inconsistencies in the information Plaintiffs request to seal or redact and the

information Plaintiffs are allowing to remain public. After reviewing the documents Plaintiffs seek to seal and redact and the documents Plaintiffs no longer seek to seal, it is unclear to the Court what interest Plaintiffs specifically want to protect. Pieces of information such as Zachariah's diagnoses are concealed in some documents and left available to the public in others. *See e.g.*, Docs. 480, 487 (describing Zachariah's diagnoses without seeking to seal or redact).

The specific methodology, diagnoses, and treatment are also contested in both Defendant's and Plaintiffs' *Daubert* motions. Because Plaintiff Zachariah's diagnoses are a central issue, Plaintiffs' burden is heightened to demonstrate that the information should be concealed from the public, *Uhlig*, 2024 WL 1703557, at *1, and Plaintiff's confidentiality interest is diminished. *See also Bell v. Younger*, No. 26-2374-HLT-BGS, 2026 WL 2105768, at *2 (D. Kan. July 22, 2026) (noting that the plaintiff's medical records were central to her case and squarely at issue and thus "the public has an interest in information the court utilizes in resolving the motions at issue) (quoting *Chadwell v. United States*, No. 20-1372-JWB, 2024 WL 4298677, at *1 (D. Kan. Sept. 26, 2024)) (internal quotation marks omitted).

Furthermore, Plaintiffs ask to seal entire documents including Dr. Peterson's full evaluation of Zachariah, Dr. Virani's full critique of Dr. Peterson's evaluation, Dr. Virani's entire deposition, and the full rebuttal report from Wester Consulting LLC. These documents collectively are 180 pages. Plaintiffs' only argument, however, is that the documents "contain highly sensitive medical information" without further explanation. An oblique reference such as this does not constitute

the articulation of a confidentiality interest that is "real and not speculative." *Chadwell*, 2024 WL 4298677, at *1. This statement is also not specific enough to meet the requirement that the party describe the specific portions of the document that warrant protection and to narrowly tailor the request to the confidentiality interest. *See* D. Kan. R. 5.4.2(c)(1). Moreover, Plaintiffs fail to argue how the confidentiality interest outweighs the public's interest. *See* D. Kan. R. 5.4.2(c)(2).

Plaintiffs also request to redact Zachariah's father's deposition because it contains Zachariah's sensitive medical information. The proposed redactions, however, relate to medical information about Zachariah and Zachariah's mother. Plaintiffs do not argue that there is a confidentiality interest in Zachariah's mother's medical information; therefore, those redactions are not appropriate. Defendant, however, argued that the redaction might be appropriate if Plaintiffs identified the proper privacy interest.

Because Plaintiffs' request does not align with information that Plaintiffs are disclosing to the public, includes information central to the issues of the case, and does not meet the briefing requirements, the Court denies without prejudice Plaintiffs' request to seal the exhibits contained in Docs. 481-2, 481-4, 481-5, 481-6, 481-7, 481-9, 487-1, 487-2, 487-3, 487-4, 487-5, 487-7, 487-9 and to redact Doc. 485-15.[2] The documents, however, will remain provisionally sealed. The Court directs Plaintiffs and Defendant to meet and confer, within 14 days of this Order, to

---

[2] Doc. 485-15 contains two categories of sensitive information: medical information and school records. The Court's ruling on the redactions in this document related to school information is in Section III(B)(3).

determine whether the parties can agree on appropriate redactions to these documents to conceal only those sensitive details related to Zachariah's diagnoses, treatments, medical history, and sexual history that have not been publicly disclosed and are not relied upon by either party to determine the substantive motions still before the Court. Plaintiffs shall then file a revised Motion to Seal or Redact, within 21 days of this Order, identifying the documents that the parties agree upon. To the extent the parties are not able to come to an agreement, Plaintiffs must adequately set forth reasons that the documents should be sealed. The parties can also propose other redactions, such as a non-party's medical information, provided a sufficient confidentiality interest is identified and explained. Plaintiffs' revised motion must also conform to the requirements of D. Kan. 5.4.2(C).[3]

In addition to Plaintiffs' request to seal or redact exhibits, Plaintiffs seek to redact Defendant's briefing on its Motion to Exclude Expert Witnesses (Docs. 480, 482). As noted above, there is a heightened burden because the public has an interest in the motions at issue. Furthermore, these documents have not been provisionally sealed, so they have been available to the public since July 29, 2026, which greatly diminishes Plaintiffs' claim of an injury resulting from this information remaining public. Also, Plaintiffs' proposed redactions redact

[3] Plaintiffs should note that even if the parties agree on redacting or sealing documents, the Court must "independently decide whether sealing is appropriate" because "the right of access protects the public, not just the parties." *McWilliams*, 40 F.4th at 1131. Plaintiffs are also advised not to rely upon protections afforded in prior orders (Docs. 305 and 308) as the confidentiality interests relied upon in those orders have since been altered by the parties' public filings and the Court's Orders.

information that is available publicly in other locations and within these documents. For example, Plaintiffs' attempt to redact information relating to Zachariah's diagnoses are inconsistent as certain pages of the document are redacted but other pages of the document are not.[4] Thus, the Court denies Plaintiffs' request to redact Docs. 480 and 482.

The Court denies Plaintiffs' request to seal 481-2, 481-4, 481-5, 481-6, 481-7, 481-9, 487-1, 487-2, 487-3, 487-4, 487-5, 487-7, 487-9, and 485-15. The Court, however, directs Plaintiffs to consult with Defendant as to any agreed-upon redactions of these documents (within 14 days of this Order) and will allow Plaintiffs to file a revised Motion to Seal or Redact for these documents within 21 days of this Order. These documents will remain provisionally sealed until further Order by the Court.

2. *Photograph of a Minor*

Plaintiffs argue that Exhibit 16 (Doc. 485-14) needs to be sealed because it is a photograph of Zachariah when she was a minor. Defendant argues that the photograph should not be sealed because Zachariah posted it publicly and Plaintiffs admit that Zachariah did so. Because the photograph has already been made public by Zachariah and because her identity is no longer being concealed from the public, the photograph does not depict sensitive information. Moreover, as Plaintiffs fail to sufficiently argue that there is a privacy interest that heavily outweighs the public's interest, the Court denies Plaintiffs' request to seal Doc. 485-14.

---

[4] Docs. 480 and 482 are identical documents with identical proposed redactions.

*3. Zachariah's School Records*

Plaintiffs seek to redact Exhibits 9 and 17 (Docs. 485-7 at 9, 485-15 at 25) because they reference Zachariah's school records that the Court struck from the deposition records and prohibited the parties from "referencing the documents or their contents in future depositions or trial testimony in this case." (Doc. 201 at 12). Plaintiffs and Defendant agree that Exhibit 9 (Doc. 485-7) should be redacted as proposed because that reference arose out of the previously stricken documents. Defendant, however, disagrees with redacting Exhibit 17. The Court, however, finds that this exhibit references a school record. Because the parties are prohibited from referencing the school records or the contents therein, the redactions proposed by Plaintiff for Exhibits 9 and 17 (Docs. 485-7 and 485-15) are granted.[5]

*4. Redactions of Generally Protected Information*

Plaintiffs also seek to seal and redact information found in Docs. 485-4, 487-3, 487-4, and 487-9 because the information is that which is generally protected under Fed. R. Civ. P. 5.2(a). Pursuant to Fed. R. Civ. P. 5.2(a), the following information may be included in filings unless the court orders otherwise: "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."

[5] Plaintiffs also seek to redact other parts of Exhibit 17 (Doc. 485-15) for containing sensitive medical information. Plaintiffs' redactions in this exhibit must also comply with the Court's ruling in Section III(B)(1) above.

The proposed redactions for Doc. 485-4 conceal Zachariah's birth date. The redactions submitted to the Court, however, also redact Zachariah's birth year, which is not in compliance with Fed. R. Civ. P. 5.2(a)(2). Plaintiffs can redact all but the birth year and file the redacted document.

Plaintiffs seek to seal Docs. 487-3 but did not send proposed redactions for information pertaining to Fed. R. Civ. P. 5.2(a). Doc. 487-3 is a 123-page document; therefore, the Court will not scour the document for potentially redactable information. The Court, however, will allow Plaintiffs to send proposed redactions, subject to the requirements and timeframe set forth above in Section III(B)(1) and in accordance with Fed. R. Civ. P. 5.2(a).

In addition, Plaintiffs argue that Docs. 487-4 and 487-9 contain medical billing and taxpayer identification numbers. Again, however, Plaintiff did not send proposed redactions. The Court instructs Plaintiffs to include redactions of the account number in Doc. 487-4 in compliance with Fed. R. Civ. P. 5.2(a)(4). There is no need for redactions, however, in Doc. 487-9. Thus, the Court grants Plaintiffs' request to redact Doc. 487-4 and denies the request to redact Doc. 487-9. The Court denies without prejudice the request to redact 487-3 and 487-4, and Plaintiffs are ordered to file a revised Motion to Redact (within 21 days of this Order) for these documents.

*5. Redacting Jane Doe's Name*

Lastly, Plaintiffs seek to redact Jane Doe's name from Docs. 484-5 and 485-24 to preserve her identity as the parties have agreed. Because the Court has allowed

Jane Doe to proceed pseudonymously at this time, the request to redact her name is granted. The proposed redactions should be filed by EEOC.

*6. Summary*

The Court denies without prejudice Plaintiffs' request to seal documents containing sensitive medical information. Plaintiffs, however, are ordered to file a revised Motion to Seal or to Redact for Docs. 481-2, 481-4, 481-5, 481-6, 481-7, 481-9, 487-1, 487-2, 487-3, 487-4, 487-5, 487-7, 487-9, and 485-15.

The Court denies Plaintiffs' request to seal Doc. 485-14 for containing Zachariah's photograph.

The Court grants Plaintiffs' request to redact Docs. 485-7 and 485-15 for containing information from previously stricken documents.[6]

The Court grants Plaintiffs' request to redact Doc. 485-4, subject to the Court's direction above. The Court denies the request to redact Doc. 487-9. And the Court denies the request to redact 487-3 and 487-4, but Plaintiffs are ordered to file a revised Motion to Redact, in compliance with Fed. R. Civ. P. 5.2(a), the instructions in this Order, and the local rules within 21 days of this Order.

The Court grants Plaintiffs' request to redact Jane Doe's name from Docs. 484-5 and 485-24.

[6] Although the Court grants Plaintiffs' school records redactions, Doc. 485-15 contains two categories of sensitive information; therefore, Plaintiffs are ordered to include the school records redactions in their revised motion redacting medical information within this document.

### C. Motion to Seal and Redact (Doc. 505)

Plaintiffs EEOC and Zachariah move to seal Plaintiffs' Response to Defendant's Motion to Exclude or Limit Expert Testimony (Doc. 497) and its supporting exhibits (Docs. 497-1, 497-2, 497-3, 497-4, 497-7, 497-8, 497-13, 497-14, 497-15, and 497-16). They also move to redact Exhibit 10 (Doc. 497-9). Defendant generally opposes Plaintiffs' motion for failing to comply with the specificity requirements, but it does not oppose redacting certain information.

*1. Medical Information*

Plaintiffs first ask to seal Docs. 497, 497-1, 497-2, 497-3, 497-4, 497-8, 497-14, 497-15, and 497-16 because they contain information about Zachariah's mental health treatment and diagnoses. Many of these documents are the same documents, or contain parts of documents, that Plaintiffs sought to seal or redact in Doc. 525, which was discussed in Section III(B)(1). As explained above, much of this information is public or is a central issue in the case.

Comparing Plaintiffs' requests in Docs. 489 and 525 to their requests in Doc. 505 makes it even harder to discern what information Plaintiffs deem worthy of protecting from public view. For example, in this Motion to Seal, Plaintiffs now seek to seal Dr. Peterson's entire deposition (Doc. 497-2); however, Plaintiffs did not previously seek to seal the entire deposition and left out two excerpts (Docs. 481-8, 481-11) in its earlier motion. Similarly, Plaintiffs seek to seal information related to treatment, symptoms, and diagnoses without any consistency. Plaintiffs make no attempt to distinguish between information that has already been made public

either in briefings or in documents that the parties did not ask to seal or redact. Thus, Plaintiffs fail to address the requirements and policy for concealing information from the public. Plaintiffs also ask to seal Exhibit 9 (Doc. 497-8), Exhibit 18 (Doc. 497-14), Exhibit 19 (Doc. 497-15), and Exhibit 20 (Doc. 497-16) for containing medical information. Most of the information covers the same topics as already discussed, such as Zachariah's treatments, symptoms, and diagnoses. After reviewing the documents, however, the Court finds that they contain some sensitive materials that have not been disclosed to the public, such as information about family members, unrelated medical information, and a minor's sexual history. Thus, the request to seal Docs. 497-1, 497-2, 497-3, 497-4, 497-8, 497-14, 497-15, and 497-16 is denied.

The Court, however, directs Plaintiffs to consult with Defendant as to any agreed-upon redactions of these documents within 14 days of this Order. The Court will allow Plaintiffs to file a revised Motion to Seal or Redact for these documents, within 21 days of this Order, to conceal only those sensitive details related to Zachariah's diagnoses, treatments, medical history, and sexual history that have not been publicly disclosed and are not relied upon by either party to determine the substantive motions still before the Court. To the extent the parties are not able to come to an agreement, Plaintiffs must adequately set forth reasons that the documents should be sealed. The parties can also propose other redactions, such as a non-party's medical information, provided a sufficient confidentiality interest is identified and explained. Plaintiffs' revised motion must also conform to the

requirements of D. Kan. 5.4.2(C). These documents will remain provisionally sealed until further Order by the Court.

Plaintiffs also seek to seal their memorandum in response to Defendant's Motion to Exclude Expert Testimony (Doc. 497). As the Court has explained, the briefing containing a party's argument on a substantive motion has a heightened public interest. *Uhlig*, 2024 WL 1703557, at *1. In addition, there is a diminished confidentiality interest in what the party makes a central issue in the case. Zachariah's medical information regarding her treatment and diagnoses is a central issue as the parties move to exclude each other's expert witnesses. Information and arguments relevant to these issues should only be concealed from the public in extreme circumstances. Plaintiffs' vague argument that this document contains sensitive health information without any specificity does not meet their burden to seal information. Thus, Plaintiffs' request to seal Doc. 497 is denied.

In the alternative, Plaintiffs argue that redactions should be allowed for Docs. 497-1, 497-3, and 497-16 that comply with Fed. R. Civ. P. 5.2(a) because these documents contain medical information and identifying numbers. They contend that Doc. 497-16 contains a taxpayer identification number and Zachariah's account number and Docs. 497-1 and 497-3 contain Zachariah's full birthdate. In accordance with Fed. R. Civ. P. 5.2(a), Plaintiffs can redact all but the last four digits of the taxpayer identification number and the account number and all but the year of Zachariah's birthdate. Plaintiffs can submit these proposed redactions with the revised redactions regarding medical information.

*2. Details of Sexual Assault*

Plaintiffs also seek to seal Doc. 497-7 because it contains detailed information about the sexual assault of a minor. Although Zachariah is no longer proceeding under a pseudonym, there is still a privacy interest in the details of a sexual assault especially when the events occurred when the victim was a minor. *Does v. United States Olympic Comm.*, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019) ("[S]exual abuse suffered by a minor is a matter of a highly sensitive and personal nature.") (quotation marks and citation omitted). There are details included in this document that the Court finds to be highly sensitive. Furthermore, redactions would be impractical because the majority of the exhibit addresses a sexual assault. Thus, the Court grants Plaintiffs request to seal Doc. 497-7.

*3. Photographs of Minors*

Plaintiffs also ask to seal Doc. 497-13 and redact Doc. 497-9 "because they contain photographs that should be restricted from public view." (Doc. 505 at 3). Defendant does not oppose sealing Exhibit 14 (Doc. 497-13) or redacting the non-party minor's face in Exhibit 10 (Doc. 497-9 at 2). Thus, the Court agrees that Doc. 497-13 should be sealed. The Court also agrees that the non-party minor's face should be redacted in Doc. 497-9 because she was a minor at the time the photograph was taken and her identity is not relevant to this case. However, Zachariah's face is also in Doc. 497-9, and it should not be redacted because there is no longer a privacy interest in concealing her identity, and her face has already been made a part of the public record in this case. The Court grants Plaintiffs'

request to seal Doc. 497-13 and grants in part Plaintiffs' request to redact Doc. 497-9. Accordingly, Docs. 497-13 and 497-9 shall remain under seal, and Plaintiffs shall prepare and file Doc. 497-9 with the non-party minor's face redacted.

**D. Motion to Redact (Doc. 507)**

Plaintiffs EEOC and Zachariah move to redact Defendant's Response to Plaintiff's Motion to Exclude or Limit Expert Testimony (Doc. 501). Plaintiffs argue that the redactions are needed because the filing contains highly sensitive medical information about Zachariah, and the document contains information regarding Zachariah's mental health treatment and diagnoses. Upon review of the proposed redactions, however, the Court finds that the redactions go beyond the scope of Zachariah's medical information. To the extent that the redactions do not relate to Zachariah's medical information, Plaintiffs do not meet their burden in demonstrating that they are needed.

To the extent that the redactions relate to Zachariah's medical information, they also fail to meet their burden. The Court has already noted the heightened burden on Plaintiffs. *See Uhlig*, 2024 WL 1703557, at *1. Plaintiffs only make a generalized argument that all the redactions relate to Zachariah's medical information and therefore should be kept private. This argument is not enough to meet their burden, and Zachariah's diagnoses are already in the public record. Thus, the Court denies Plaintiffs' request to redact Defendant's Response to Plaintiffs' Motion to Exclude the Testimony of Dr. Virani and Matthew Wester (Doc. 501). In sum, the Court denies this motion.

**E. Motion to Seal and Redact (Doc. 524)**

Plaintiffs EEOC and Zachariah move to seal and redact several exhibits supporting Plaintiffs' Response to Defendant's Motion for Summary Judgment (Doc. 509). They move to seal Exhibits RR (Doc. 513-3) and XX (Doc. 513-4) and to redact Exhibits HH (Doc. 513-1) and II (Doc. 513-2).

Exhibits RR (Doc. 513-3) and XX (Doc. 513-4) are identical to exhibits discussed above in Sections III(C)(2) and III(C)(3). For those same reasons, the Court grants Plaintiffs' request to seal these documents.

Plaintiffs EEOC and Zachariah also move to redact Exhibits HH and II (Docs. 513-1 and 513-2) because they contain Jane Doe's true name. Again, Defendant does not oppose this request. As explained above in Section III(B)(5), redactions to preserve Jane Doe's privacy interest in her identity are allowed. Plaintiffs should file their proposed redactions.

In sum, the Court grants this motion.

**F. Motion to Seal or Redact (Doc. 536)**

Plaintiffs EEOC and Zachariah move to seal and redact Exhibits 16, 17, 18, 19, 20, 52, and 63 (Docs. 533-1, 533-2, 533-4, 533-5, 533-6, 533-7) attached to Defendant's reply to Defendant's Motion for Summary Judgment (Doc. 528). The motion is unopposed. The Court has reviewed the documents and finds that Plaintiffs meet their burden in establishing the need for these documents to be sealed. Thus, the Court grants Plaintiffs' motion to seal Exhibit 52 (Doc. 533-6).

Plaintiffs also seek to redact Exhibits 16, 17, 18, 19, 20, and 63 (Docs. 533-1, 533-2, 533-3, 533-4, 533-5, 533-7) because they contain Jane Doe's name. As explained above, the parties and the Court agree that Jane Doe can proceed under a pseudonym for now. Thus, the proposed redactions are granted.

In sum, Plaintiffs' motion is granted.

**IT IS THEREFORE ORDERED** that Plaintiffs EEOC and Zachariah's Motion to Retain Redactions in ECF 409-1 (Doc. 413) is **DENIED**. Clerk is directed to unseal Docs. 409 and 409-1.

**IT IS FURTHER ORDERED** that Plaintiffs EEOC and Zachariah's Motion to Seal and Redact (Doc. 489) is **GRANTED IN PART** and **DENIED IN PART**. The request to redact Docs. 485-4, 485-5, 485-7, and 485-24 is granted. Plaintiffs are directed to file redactions in compliance with this order. The request to redact Docs. 480, 482 is denied. The request to seal Doc. 485-14 is denied. The request to redact Doc. 485-15 is granted in part and denied in part. The redactions related to Zachariah's school records are granted, but the redactions of medical information are denied without prejudice. The request to seal Docs. 481-2, 481-4, 481-5, 481-6, 481-7, 481-9, 487-1, 487-2, 487-3, 487-4, 487-5, 487-7, 487-9 is denied without prejudice. Plaintiffs and Defendants are ordered to consult within 14 days of this Order as to agreed-upon redactions of these documents and Doc. 485-15. Plaintiffs are allowed to file a revised Motion to Seal or Redact for these documents within 21 days of this Order. If Plaintiffs fail to make such filing, the Court will issue an

Order unsealing these documents. These documents will remain provisionally sealed until further Order by the Court.

Clerk is directed to permanently seal Docs. 485-4, 485-5, 485-7, 485-15, and 485-24. Clerk is directed to unseal Docs. 481-1, 481-3, 481-8, 481-10, 481-11, 481-12, 481-13, 481-14, 481-15, 481-16, 481-17, 481-18, 485-1, 485-2, 485-3, 485-5, 485-6, 485-8, 485-9, 485-10, 485-11, 485-12, 485-13, 485-16, 485-17, 485-18, 485-19, 485-20, 485-21, 485-22, 485-23, 485-25, 485-26, 485-27, 485-28, 487-6, 487-8, and 487-10.

**IT IS FURTHER ORDERED** that Plaintiffs EEOC and Zachariah's Motion to Seal and Redact (Doc. 505) is **GRANTED IN PART** and **DENIED IN PART**. The request to seal Docs. 497-7 and 497-13 is granted. The request to redact Doc. 497-9 is granted. Plaintiff EEOC is directed to file redactions concealing only the non-party minor's face. The request to seal Docs. 497 is denied. The request to seal Docs. 497-1, 497-2, 497-3, 497-4, 497-8, 497-14, 497-15, 497-16 is denied without prejudice. The Court, however, directs Plaintiffs to consult with Defendant as to agreed-upon redactions of these documents (within 14 days of this Order) and will allow Plaintiffs to file a revised Motion to Seal or Redact for these documents within 21 days of this Order. If Plaintiffs fail to make such filing, the Court will issue an Order unsealing these documents. These documents will remain provisionally sealed until further Order by the Court.

Clerk is directed to permanently seal Doc. 497-7, 497-9, and 497-13. Clerk is directed to unseal Docs. 497, 497-5, 497-6, 497-10, 497-11, and 497-12.

**IT IS FURTHER ORDERED** that Plaintiffs EEOC and Zachariah's Motion to Redact (Doc. 507) is **DENIED**. Clerk is directed to unseal Doc. 501.

**IT IS FURTHER ORDERED** that Plaintiffs EEOC and Zachariah's Motion to Seal and Redact (Doc. 524) is **GRANTED**. Docs. 513-3 and 513-4 shall remain sealed. Plaintiff EEOC is directed to file the proposed redactions for Doc. 513-1 and 513-2. Clerk is directed to permanently seal Doc. 513 and its exhibits.

**IT IS FURTHER ORDERED** that Plaintiffs EEOC and Zachariah's Motion to Seal and Redact (Doc. 536) is **GRANTED**. Doc. 533-6 shall remain sealed. Plaintiff EEOC is directed to file the redactions as proposed for Docs. 533-1, 533-2, 533-3, 533-4, 533-5, 533-4, 533-5, and 533-7. Clerk is directed to permanently seal Doc. 533 and its exhibits.

**IT IS SO ORDERED.**

Dated this 7th day of October 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE